## PEOPLE v KELLY

1. CRIMINAL LAW—DEFENDANT AS WITNESS—IMPEACHMENT—PRIOR CONVICTIONS—DISCRETION OF COURT—RECORD.

   A trial court has discretion to permit a defendant who has elected to testify to be cross-examined for impeachment purposes concerning his prior felony convictions, but the court must not act arbitrarily, must consider the prior convictions as they relate to the pending charge and must positively indicate and identify its exercise of discretion on the record.

2. CRIMINAL LAW—DEFENDANT AS WITNESS—IMPEACHMENT—PRIOR CONVICTIONS—CREDIBILITY OF WITNESSES.

   A trial judge properly allowed the impeachment of a defendant's testimony by the introduction of his prior felony convictions where the case had narrowed to the credibility of the defendant and an opposing witness, and there was, therefore, a compelling reason for exploring all avenues which would shed light on the credibility of the two witnesses.

3. WITNESSES—CRIMINAL LAW—RES GESTAE WITNESSES—FAILURE TO PRODUCE—MOTION FOR NEW TRIAL—PROCEDURE.

   A defendant desiring reversal or a new trial because of a failure of the prosecution to produce an unindorsed or indorsed res gestae witness shall, before filing his brief on appeal, move the trial court for a new trial.

4. WITNESSES—SCOPE OF CROSS-EXAMINATION—IMPEACHMENT—DISCRETION OF COURT—PRIOR ARRESTS—NO CONVICTION.

   The extent of allowable cross-examination on collateral matters for the purpose of impeaching a witness's credibility rests with the discretion of the trial judge, but no examination or cross-

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 81 Am Jur 2d, Witnesses § 523 *et seq.*

[3] 29 Am Jur 2d, Evidence § 180 *et seq.*

   41 Am Jur 2d, Indictments and Informations §§ 56, 60.

   58 Am Jur 2d, New Trial § 41.

   81 Am Jur 2d, Witnesses § 2.

[4] 81 Am Jur 2d, Witnesses § 659.

examination of any witness may be made regarding prior arrests or charges which did not result in a conviction.

Appeal from Recorder's Court of Detroit, Joseph A. Gillis, submitted November 15, 1975, at Detroit. (Docket No. 21891.) Decided January 8, 1976.

Dennis Kelly, Jr., was convicted of larceny under $100. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney, Research, Training and Appeals, and *Timothy A. Baughman,* Assistant Prosecuting Attorney, for the people.

*John L. Barkai,* for defendant.

Before: BASHARA, P. J., and D. F. WALSH and W. S. WHITE,* JJ.

PER CURIAM. Defendant was convicted by a jury of larceny under $100, MCLA 750.356; MSA 28.588, and appeals.

On July 15, 1974, the defendant entered the Medicine Chest Drug Store. The defendant asked to see the pharmacist and was directed to the rear of the store. He was subsequently seen by a security guard leaving the store carrying a box of dishes.

The guard discovered the dishes had not been sold to the defendant and pursued him. The guard found the defendant empty-handed ten minutes later and questioned him about the dishes. He denied he had stolen anything and said he had

---

* Circuit judge, sitting on the Court of Appeals by assignment.

carried trash out of the store. The police were called and the defendant was arrested.

The defendant argues that the trial judge erred in failing to suppress the defendant's prior felony convictions. Prior to trial, defense counsel moved to suppress defendant's prior criminal record. The court granted the motion in part by ruling that only defendant's felony convictions would be admissable. It is the defendant's position that felony convictions for larceny from a building, robbery unarmed, carrying a concealed weapon and possession of methadone shed no light on the defendant's credibility and are improper impeachment evidence.

A defendant in a criminal case may be impeached by prior felony convictions. *People v Renno,* 392 Mich 45; 219 NW2d 422 (1974). It is within the discretionary authority of the trial judge to permit a defendant who has elected to testify to be cross-examined as to his prior felony conviction record. *People v Jackson,* 391 Mich 323, 335; 217 NW2d 22 (1974), *People v Cummins,* 47 Mich 334, 336; 11 NW 184 (1882). The trial judge must positively indicate and identify its exercise of discretion. *People v Cherry,* 393 Mich 261; 224 NW2d 286 (1974). The record clearly indicates that the trial court did so indicate when defense counsel pointed out that *People v Jackson, supra,* required that the trial judge not act arbitrarily, but must consider the prior convictions as they relate to the pending charge. The court questioned the defendant further and then ruled to deny the motion to suppress the felony convictions.

Defendant further contends that the trial judge failed to consider certain factors suggested in *People v Jackson, supra,* at 333, as guidelines for the trial judge in exercising his discretion. The criteria

suggested in *Jackson* were taken from *Gordon v United States,* 127 US App DC 343; 383 F2d 936 (1967), and included the related nature of the prior convictions and the effect on the accused's decisional process not to testify for fear of impeachment by prior convictions.

A consideration not discussed in *People v Jackson, supra,* but central to *Gordon v United States, supra,* was the fact that there was a direct conflict between the testimony of the complainant and the defendant. The verdict in *Gordon* necessarily turned on how the jury resolved the credibility contest between the complainant and the defendant. The Court stated:

"'[W]e note that the admission of Appellant's criminal record here, along with the criminal record of the complaining witness, was not in a vindictive or 'eye for an eye' sense, as Appellant argues. *Rather it was received because the case had narrowed to the credibility of two persons—the accused and his accuser—and in those circumstances there was greater, not less, compelling reason for exploring all avenues which would shed light on which of the two witnesses was to be believed."* (Emphasis supplied.) *Gordon v United States, supra,* 383 F2d 941.

This is precisely the situation in the instant case. There was a direct conflict in the testimony between the security guard who testified that he saw the defendant leave with a box of dishes and the defendant who testified that he carried trash out of the store. This conflict in testimony was as compelling as in *Gordon* for exploring all avenues which would shed light on the credibility of the two witnesses. The trial judge correctly denied the defendant's motion to suppress his prior felony convictions.

Defendant next argues that he was unduly prej-

udiced by the state's failure to produce the pharmacist as a res gestae witness. A defendant desiring reversal or a new trial because of a failure to produce an unindorsed or indorsed res gestae witness shall, before filing his brief on appeal, move the trial court for a new trial. *People v Robinson,* 390 Mich 629; 213 NW2d 106 (1973). No motion for new trial was made, therefore the issue is not properly before us.

Defendant finally argues that the trial court failed to exercise its discretion by excluding questions on cross-examination of the security guard relating to whether he had trouble with customers in the store, and whether he had almost killed a customer two years ago. The extent of allowable cross-examination on collateral matters for the purpose of impeaching a witness's credibility rests with the discretion of the trial judge. *People v Statkiewicz,* 247 Mich 260, 267; 225 NW 540 (1929), *People v James,* 36 Mich App 550, 557–558; 194 NW2d 57 (1971). To that general rule there is a significant exception that no examination or cross-examination of any witness may be made regarding prior arrests or charges which did not result in a conviction. *People v Falkner,* 389 Mich 682, 695; 209 NW2d 193 (1973), *People v James, supra.* The questions on cross-examination of the security guard were improper and correctly excluded.

Affirmed.