PEOPLE v FLOYD

1. COURTS—TRIAL—CONTINUANCES—WITNESSES—DUE DILIGENCE—
   COURT RULES.

   A trial court has no duty to grant a continuance to allow a
   defendant to produce a witness where the defendant has failed
   to exercise due diligence in producing the witness (GCR 1963,
   503).

2. WITNESSES—CRIMINAL LAW—DEFENDANTS AS WITNESSES—PRIOR
   FELONY CONVICTIONS—CONFLICTS OF TESTIMONY.

   It was proper for a trial court to allow a defendant to be cross-
   examined as to his previous felony convictions where there was
   a direct conflict between the testimony of a complainant and
   the defendant, with the verdict turning on how the conflict was
   to be resolved by the jury.

3. WITNESSES—CRIMINAL LAW—DEFENDANTS AS WITNESSES—PRIOR
   ARRESTS—FAILURE TO CONVICT—HARMLESS ERROR—INADVER-
   TENCE.

   Questions by a prosecutor cross-examining a defendant concern-
   ing charges which did not result in a conviction were harmless
   error where the questioning was clearly inadvertent and harm-
   less beyond any reasonable doubt.

Appeal from Recorder's Court of Detroit, Joseph
E. Maher, J. Submitted June 16, 1976, at Lansing.
(Docket No. 25028.) Decided September 28, 1976.

Johnny Floyd was convicted of felonious assault.
Defendant appeals by leave granted. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Edward R. Wilson,* Re-

REFERENCES FOR POINTS IN HEADNOTES

[1] 17 Am Jur 2d, Continuance §§ 7–10, 29–32.
[2, 3] 81 Am Jur 2d, Witnesses § 468.

search, Training and Appeals, and *Andrea L. Solak,* Assistant Prosecuting Attorney, for the people.

*Barbara, Ruby & Domol, P. C.,* for defendant on appeal.

Before: BRONSON, P. J., and BEASLEY and D. ANDERSON, JR.,* JJ.

PER CURIAM. Defendant was convicted by a jury of felonious assault, MCLA 750.82; MSA 28.277, and sentenced to a term of two to four years imprisonment.

On appeal, defendant first claims that the trial court erred in failing to instruct the jury that the defendant was under no duty to retreat if attacked in his own home. The record shows that the trial court instructed the jury:

"While there is a general duty to retreat, the defendant is not obligated to retreat in his own home."

Defendant next contends that the trial court erred in failing to grant a continuance to allow him to produce a witness. Since defendant failed to exercise due diligence in producing the witness as required by GCR 1963, 503, denial of the continuance by the trial judge was not an abuse of discretion.

Defendant also contends that the trial court abused its discretion in refusing to suppress defendant's prior conviction record. Similar arguments were rejected by this Court in *People v Kelly,* 66 Mich App 634; 239 NW2d 691 (1976). As in this case, there was in *Kelly* a direct conflict

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

between the testimony of the complainant and the defendant, with the verdict turning on how it was resolved by the jury. We held that in this situation "there was greater, not less, compelling reason for exploring all avenues which would shed light on which of the two witnesses was to be believed". *Gordon v United States,* 127 US App DC 343; 383 F2d 936, 941 (1967). We reaffirm our position in *Kelly* that under the circumstances the trial court properly exercised its discretion in permitting defendant to be cross-examined as to his previous felony convictions.

Defendant's final contention is that the trial court erred in denying his motion for a mistrial following the prosecution's cross-examination on charges against the defendant which did not result in a conviction.

No objection was made during the cross-examination. While lack of objection does not preclude a finding of reversible error, *People v Falkner,* 389 Mich 682; 209 NW2d 193 (1973), where the error by the prosecutor was inadvertent and resulted in no substantial prejudice to the defendant, this Court has declined to reverse. The error here was clearly inadvertent, and harmless beyond any reasonable doubt. There is no basis for reversal. We so held in *People v Stoudemire,* 65 Mich App 664; 238 NW2d 365 (1975), a case in which the crime, the trial and the decision of this Court all occurred after July 25, 1973, the date of *Falkner.*

Affirmed.