PEOPLE v KICZENSKI

Docket No. 57532. Submitted June 3, 1982, at Lansing.—Decided July 20, 1982. Leave to appeal applied for.

David J. Kiczenski was convicted of two counts of criminal sexual conduct in the first degree following a jury trial in Bay Circuit Court, Eugene C. Penzien, J. Thereafter, defendant was convicted on his plea of guilty of being an habitual offender. Defendant appeals, alleging that error resulted from the failure of the prosecution to present sufficient evidence of a personal injury to the victim, the interjection into the trial that a witness had taken a polygraph examination, the allowance of evidence of some of defendant's prior felony convictions for impeachment purposes, and the refusal by the trial judge to disqualify himself from presiding over defendant's trial. *Held:*

1. Since the prosecution charged two different bases for finding first-degree criminal sexual conduct, *i.e.,* either penetration by force while aided and abetted by others or penetration by force resulting in a personal injury to the victim, and since there was evidence to support the multiple actor theory, the failure to sufficiently prove a personal injury to the victim would not mandate reversal of the convictions. Further, there was sufficient evidence presented from which a jury could find the requisite personal injury to the victim.

2. The single reference to a polygraph examination made by a witness in an inadvertent response to defense counsel's cross-examination does not mandate reversal since there was no attempt to use such reference to bolster the witness's credibility and the results of the examination were never revealed.

3. The trial court properly considered all of the factors before determining that evidence of some of defendant's prior convic-

REFERENCES FOR POINTS IN HEADNOTES
[1] 65 Am Jur 2d, Rape §§ 3, 25, 26, 28, 88.
[2] 65 Am Jur 2d, Rape §§ 88, 90.
[3] 29 Am Jur 2d, Evidence §§ 296, 831.
[4, 5] 29 Am Jur 2d, Evidence § 327.
[6] 46 Am Jur 2d, Judges § 196.
   Prior representation or activity as attorney or counsel as disqualifying judge. 72 ALR2d 443.

tions could be admitted for impeachment purposes. The trial court did not abuse its discretion in making that determination.

4. The trial judge properly refused to disqualify himself. The mere fact that the trial judge formerly had been the prosecuting attorney for the county does not require that the judge disqualify himself from all cases brought by the prosecutor's office.

Affirmed.

1. RAPE — CRIMINAL SEXUAL CONDUCT — PERSONAL INJURY.

A *conviction for criminal sexual conduct in the first degree is proper even where there is not sufficient evidence of a personal injury to the victim where the jury is instructed that conviction on that charge may be had upon a showing that either the actor was aided and abetted by one or more other persons and used force or coercion to accomplish sexual penetration or the actor caused a personal injury to the victim and force or coercion was used to accomplish sexual penetration and there is evidence to support a jury finding that the actor was aided and abetted by others* (MCL 750.520b; MSA 28.788[2]).

2. RAPE — CRIMINAL SEXUAL CONDUCT — PERSONAL INJURY.

Evidence that a victim suffered scratches, abrasions, a pain in her back, and emotional distress is sufficient to create a jury question as to whether such victim suffered a personal injury within the meaning of the criminal sexual conduct statute (MCL 750.520b[1][f]; MSA 28.788[2][1][f]).

3. CRIMINAL LAW — EVIDENCE — POLYGRAPH EXAMINATIONS — APPEAL.

Not every reference to a polygraph examination requires reversal and in determining whether reversal is mandated the Court of Appeals will consider: (1) whether defendant objected to such evidence and/or sought a cautionary instruction; (2) whether the reference was inadvertent; (3) whether there were repeated references; (4) whether the reference was used in an attempt to bolster a witness's credibililty; and (5) whether the results of the examination, rather than merely the fact that an examination had been conducted, were admitted.

4. CRIMINAL LAW — EVIDENCE — IMPEACHMENT — PRIOR CONVICTIONS.

The factors a trial court must weigh in deciding whether or not to allow impeachment of a defendant in a criminal case by evidence of prior convictions are: (1) the nature of the prior offense; (2) whether it is for substantially the same conduct for

which the defendant is on trial; and (3) the effect on the decisional process if the accused does not testify out of fear of impeachment by evidence of his prior convictions.

5. CRIMINAL LAW — IMPEACHMENT — PRIOR CONVICTIONS — CREDIBILITY OF WITNESSES.

It is proper for a trial judge to allow the impeachment of a defendant's testimony by the introduction of evidence of his prior felony convictions where the case had narrowed to the credibility of the defendant and an opposing witness, and there was, therefore, a compelling reason for exploring all avenues which would shed light on the credibility of the two witnesses.

6. JUDGES — DISQUALIFICATION OF JUDGES — ATTORNEYS — COURT RULES.

A judge is not an attorney for a party, within the court rule regarding disqualification of a judge, by virtue of his former employment by the county as a prosecutor in an action brought before him wherein the county is represented by the prosecuting attorney's office if, while he was acting as prosecuting attorney, he did not appear personally and participate in that action (GCR 1963, 912.2).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *George B. Mullison,* Prosecuting Attorney, and *Thomas J. Rasdale,* Assistant Prosecuting Attorney, for the people.

*Zimostrad, Wenzloff, Allsopp & Zimostrad, P.C.,* for defendant.

Before: DANHOF, C.J., and BEASLEY and J. P. SWALLOW,* JJ.

PER CURIAM. On February 6, 1981, defendant, David John Kiczenski, was convicted by a jury as charged of two counts of first-degree criminal sexual conduct. MCL 750.520b, subds (1)(d)(ii), (1)(f); MSA 28.788(2), subds (1)(d)(ii), (1)(f). Subsequent to the trial, defendant pled guilty to a supplemental information charging him as an habitual offender.

* Circuit judge, sitting on the Court of Appeals by assignment.

MCL 769.12; MSA 28.1084. After being sentenced to not less than 35 years nor more than 100 years in prison on each count, to run concurrently, defendant appeals as of right.

Review of the record discloses that on the evening of September 5, 1980, the complainant, while walking home from a party, accepted a ride from the five occupants of a yellow van. Subsequently, all five occupants, one of whom is this defendant, were charged with sexual offenses. Shortly thereafter, when the van stopped, complainant decided to leave the van. According to one of the five occupants who became a witness for the prosecution, defendant then stated to the group, "let's go get her and bring her back", whereupon complainant was returned forcibly to the area of the vehicle. There was testimony that in consecutive incidents, two of the men, one of whom was defendant, engaged in sexual intercourse with complainant while the other men held and restrained her on the ground.

On September 8, 1980, defendant was charged with two counts of first-degree criminal sexual conduct. In the information, the prosecutor alleged that the sexual penetrations constituted first-degree criminal sexual conduct, as defendant, in addition to using force and coercion to accomplish the acts, was aided by one or more persons and/or defendant caused personal injury to the victim. Defendant's accomplices were also charged with first-degree criminal sexual conduct, and three of them pleaded guilty to a lesser offense prior to defendant's trial.

On appeal, defendant raises four issues. First, he maintains that his convictions for first-degree criminal sexual conduct must be vacated because

the prosecutor did not present any testimony establishing that complainant sustained personal injuries during the sexual penetrations.

As indicated by a special verdict form, the jury convicted defendant on both counts, finding that defendant was guilty under both subsections of the first-degree criminal sexual conduct statute charged in the information. Therefore, even if we were to conclude that the record were devoid of proof regarding complainant sustaining personal injuries, as required by MCL 750.520b(1)(f), there was testimony that, if believed, clearly indicates that defendant was aided by one or more persons while accomplishing the sexual penetration and that he restrained the complainant while one of his accomplices engaged in sexual penetration. But, in addition, the record does contain evidence that the victim suffered scratches on the back of her leg, buttocks, knee, and arm. She testified that for a long time after the assault she had pain in her back. A doctor testified she had abrasions on her knee and elbow. Also, there was sufficient testimony that immediately after the attack she was emotionally disturbed and that she screamed, cried, and was visibly shaken. We are satisfied that the evidence was sufficient to raise a jury question and for a jury to conclude that she suffered personal injury. Thus, we conclude that the evidence adduced at trial was sufficient to support a conviction on both counts of first-degree criminal sexual conduct in the ways set forth in the information.

Secondly, defendant claims that reversible error occurred when his motion for mistrial, based on an alleged effort to bolster testimony of a prosecution witness by reference to a polygraph examination, was denied. During the cross-examination of Jef-

frey Champine, one of defendant's accomplices, the
following exchange occurred:

"*Q.* *[Mr. Martin, defendant's attorney]:* That never
happened? What made you come to the courtroom on
Monday?

"*A.* To plead guilty.

"*Q.* When did you know you were going to come to
the courtroom to plead guilty?

"*A.* After I had taken a polygraph test.

"*Mr. Martin:* Your Honor, if we could excuse the jury
for now?

"*The Court:* I don't see any need to at this point
unless—well, maybe—maybe we should. Will you take
the jury out, please?"

In denying defendant's motion for a mistrial, the
trial judge inquired of defendant's counsel whether
he desired that a cautionary instruction be given
to the jury regarding the inadmissibility of evi-
dence of the results of polygraph tests. Defendant's
attorney declined the opportunity to have a cau-
tionary instruction given.

Outside of the presence of the jury, the prose-
cutor informed the trial court that the polygraph
examination was given to the witness, Champine,
to verify his claim that he did not engage in
sexual intercourse with the victim. After failing
the examination, Champine admitted the sexual
penetration and pled guilty to the reduced offense
of third-degree criminal sexual conduct.

In *People v Rocha,*[1] this Court discussed the
issue of a witness's unsolicited reference to a
polygraph examination:

"Nonetheless, reference to polygraph examinations
need not always constitute reversible error. A reference

---

[1] 110 Mich App 1, 8-9; 312 NW2d 657 (1981).

may be a matter of defense strategy, the result of a nonresponse answer, or otherwise brief, inadvertent and isolated. See, *e.g., People v Krist,* 93 Mich App 425; 287 NW2d 251 (1979), *People v Ranes,* 63 Mich App 498; 234 NW2d 673 (1975), *People v Ernest Green,* 74 Mich App 351; 253 NW2d 763 (1977). Thus, in prior cases, this Court has analyzed a number of factors to determine whether reversal is mandated. *People v Yatooma,* 85 Mich App 236, 240; 271 NW2d 184 (1978), *People v Whitfield,* 58 Mich App 585; 228 NW2d 475 (1975). This Court should consider: (1) whether defendant objected and/or sought a cautionary instruction; (2) whether the reference was inadvertent; (3) whether there were repeated references; (4) whether the reference was an attempt to bolster a witness's credibility; and (5) whether the results of the test were admitted rather than merely the fact that a test had been conducted."

In the matter at bar, application of the aforestated factors leads us to the conclusion that defendant was not deprived of a fair trial by the inadvertent reference to the polygraph examination. The allusion to the test was unsolicited and unrepeated. The results of the test were not revealed and the reference was not solicited by the prosecutor in an attempt to bolster the witness's credibility, but rather was a response to a question posed by defendant's counsel. While defendant objected to the statement, he rejected the opportunity to have a cautionary instruction given to the jury. Accordingly, no error occurred when the trial court denied defendant's motion for a mistrial.

Defendant also claims that the trial court erred in permitting the prosecutor to impeach defendant by use of evidence of three of defendant's prior felony convictions. The trial court excluded reference to defendant's prior convictions for larceny in a building and attempted malicious destruction of personal property over $100. In its ruling on the

admissibility of the evidence of the three prior felony convictions for purposes of impeachment, the trial court stated:

"The Supreme Court adopted Michigan Rules of Evidence, Rule 609 which in effect doesn't seem to require prior consideration of the nature of the prior offense except to the extent that determining whether its probative value out—outweighs its prejudicial effect. And I, in my reading, remember one of the things that they talked about in that was the nature of the offense in the sense of was it a thing involving theft, dishonesty or false statement. The Supreme Court, in adopting MRE 609 has said that any offense is admissible if more probative than prejudicial if it's an offense involving theft, dishonesty or false statement regardless of the punishment and other offenses are admissible under the same conditions if it involves a punishment—any possible punishment in excess of one year. So, the Supreme Court, in adopting MRE 609 did recognize that not all prior convictions have to be of the theft, dishonesty or false statement type in order to be admissible. But we still, I think, weigh in the balance the type of prior conviction in deciding whether its probative value as to credibility outweighs its prejudicial effect.

"In my opinion, the use of the prior convictions would result in minimal prejudice in this case if any at all. As I said, they are offenses totally—totally remote from the type of offense here and I cannot believe that this jury, on the evidence here will decide this case—in this case that this defendant is guilty of criminal sexual conduct merely because he had been guilty previously of malicious destruction of property or breaking and entering."

MRE 609(a) provides:

"For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination but only if

"(1) the crime was punishable by death or imprison-

ment in excess of one year under the law under which he was convicted, or the crime involved theft, dishonesty or false statement, regardless of the punishment, and

"(2) the court determines that the probative value of admitting this evidence on the issue of credibility outweighs its prejudicial effect and articulates on the record the factors considered in making the determination."

The decision to permit impeachment of a defendant by evidence of prior convictions is within the sound discretion of the trial court.[2]

In *People v Crawford*,[3] this Court enumerated the factors to be considered in determining whether evidence of prior convictions should be admissible to impeach a defendant's credibility: (1) the nature of the prior offense and its relation to defendant's credibility; (2) whether it is for substantially the same conduct for which defendant is on trial, with closely related offenses requiring close examination because of the likelihood of prejudice; and (3) the effect on the decisional process if the defendant refrains from testifying out of fear of impeachment.

In the instant case, the trial court painstakingly balanced the factors and decided to suppress evidence of two of the five felony convictions. Its ruling was premised upon the relationship of the offense to credibility and the probativeness of the admission outweighing the possible prejudice.

This Court has approved of the doctrine articulated in *Gordon v United States*[4] that it is proper for a trial court to permit a defendant to be cross-

---

[2] *People v Jackson*, 391 Mich 323; 217 NW2d 22 (1974); *People v Cummins*, 47 Mich 334, 336; 11 NW 184 (1882).

[3] 83 Mich App 35, 38; 268 NW2d 275 (1978).

[4] 127 US App DC 151; 383 F2d 936 (1967).

examined as to his prior felony convictions where a conflict exists between the testimony of a pivotal witness and the defendant.[5]

The following phraseology from *Gordon, supra,* is enlightening:

"[W]e note that the admission of Appellant's criminal record here, along with the criminal record of the complaining witness, was not in a vindictive or 'eye for an eye' sense, as Appellant argues. *Rather, it was received because the case had narrowed to the credibility of two persons—the accused and his accuser—and in those circumstances there was greater, not less, compelling reason for exploring all avenues which would shed light on which of the two witnesses was to be believed."* (Emphasis added.)[6]

The matter herein was essentially a credibility contest since three of defendant's accomplices testified against him. The complainant was unable to identify defendant as one of her assailants. Defendant admitted being present at the event, but denied partaking or aiding in the incident. In allowing the prosecutor to impeach defendant's credibility, the trial judge recognized his duty and weighed the various facts known to him. We hold that the trial judge did not abuse his discretion by refusing to suppress evidence of three of defendant's five felony convictions.[7]

Unlike the factual setting in *People v Williams,*[8] defendant's prior convictions in the matter at bar were dissimilar to the offense for which defendant

[5] See, *e.g., People v Kelly,* 66 Mich App 634, 637; 239 NW2d 691 (1976).

[6] *Gordon v United States, supra,* 158.

[7] *People v Browning,* 106 Mich App 516, 522; 308 NW2d 264 (1981).

[8] 413 Mich 72; 318 NW2d 462 (1982).

was being tried.[9] Additionally, the nature of the offenses used for impeachment, breaking and entering and malicious destruction of personal property, had a legitimate bearing upon defendant's credibility.

Lastly, defendant asserts that the trial judge's refusal to disqualify himself on defendant's motion from presiding over the trial deprived him of a fair trial.

In *People v Delongchamps*,[10] we addressed a largely similar question involving this same trial judge and declined to find a basis for disqualification. In this case we hold similarly and find that the record does not support defendant's claim that the trial judge was prejudiced against him.

Affirmed.

---

[9] See, also, *People v Baldwin,* 405 Mich 550; 275 NW2d 253 (1979); McCormick, Evidence (2d ed), § 43, p 89.

[10] 103 Mich App 151, 156; 302 NW2d 626 (1981), *lv den* 412 Mich 857 (1981).