**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Phillip Ray McDOWELL, Defendant and Appellant.**

**No. 14214.**

Supreme Court of South Dakota.

Considered on Briefs Dec. 2, 1983.

Decided June 13, 1984.

Grant E. Gormley, Chief Deputy Atty. Gen. and Barbara Jo Anderson, Legal Intern, Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

Patricia C. Riepel, Minnehaha County Public Defender, Sioux Falls, for defendant and appellant.

PER CURIAM.

Appellant appeals from his conviction for rape. Immediately prior to trial, the court orally granted appellant's motion in limine requesting that no questions be asked or testimony be given about any polygraph examinations taken by any witnesses. The trial court denied appellant's motion for a mistrial, however, when a witness' unresponsive testimony at trial mentioned the word ".polygraph." We affirm.

Appellant's girlfriend and the victim were out socializing one night in Sioux Falls. When the victim found she was locked out of the YWCA where she was staying, appellant's girlfriend agreed that the victim could stay with her that night. Later that evening they met appellant and all three went to the apartment of appellant's girlfriend. The victim testified that appellant and his girlfriend had an argument at the apartment and he ordered her to go back to her bedroom, which was just off the living room in the apartment. While appellant's girlfriend was in the bedroom appellant allegedly raped the victim in the living room of the apartment.

Appellant's girlfriend testified she never heard any struggle in the living room and fell asleep in her bedroom that night. She also testified that the victim had been flirting with appellant earlier that evening.

. A state chemist testified as an expert concerning the testing of some of the victim's underclothes she had worn the night of the alleged rape. The underclothes contained acid phosphotase and a protein called P–30, both of which are present in male seminal fluid. His opinion was that male semen was present in the underclothes.

A lengthy direct, cross, redirect, and recross-examination of the victim occurred. During the recross-examination she was questioned about a statement she gave to a detective: "Do you remember telling him about the radio [being on during the rape]?" She answered, "I don't remember what I told him. All I remember was what I told him on the polygraph."

Though the transcript shows that shortly after the testimony referring to the polygraph, the attorneys approached the bench for a discussion outside the hearing of the jury, no motion to strike this testimony or request for any immediate curative instruction appears in the record. During the next recess, however, appellant made his motion for a mistrial based on the unresponsive reference to a polygraph.

Appellant contends that the trial court should have granted his motion for a mistrial because of the victim's mention of the word "polygraph." By giving a curative instruction in some cases a trial court can overcome any prejudice that might be created by a witness' unresponsive testimony which mentions the word "polygraph"; the trial court may then properly deny a motion for mistrial. *U.S. v. Holman,* 680 F.2d 1340 (11th Cir.1982); *Weiland v. Parratt,* 530 F.2d 1284 (8th Cir.1976); *State v. Beach,* 215 Neb. 213, 337 N.W.2d 772 (1983); *State v. Boothe,* 103 Idaho 187, 646 P.2d 429 (1982); *State v. Bowen,* 104 Ariz. 138, 449 P.2d 603 (1969); *see U.S. v. Riley,* 657 F.2d 1377 (8th Cir.1981) (no motion to strike or request for cautionary instruction after jury listened to tape recording in which witness stated she would take polygraph); *People v. Kiczenski,* 118 Mich.App. 341, 324 N.W.2d 614 (1982) (defendant rejected the opportunity to request a caution-

ary instruction after witness inadvertently revealed he had taken a polygraph). One court has even suggested that a curative instruction may be properly denied where it would avoid any amplification of what is implied when a polygraph is mentioned, i.e. the inadmissible test results. *U.S. v. Wyant*, 576 F.2d 1312 (8th Cir.1978); *see generally State v. Watson*, 248 N.W.2d 398 (S.D.1976) (polygraph test results inadmissible at trial).

We do not, however, rest our decision on appellant's failure to request a cautionary instruction or his failure to make a motion to strike. Even appellant recognized that this course might unduly emphasize to the jury the comment about the polygraph. *See U.S. v. Wyant, supra.* Under these circumstances, appellant chose the best course by preserving any possible error with a motion for mistrial in chambers while at the same time avoiding any further emphasis on the polygraph comment.

■ We agree with the trial court that there was no special emphasis on the word in this case. We hold that the witness' remark that she had taken a polygraph was not prejudicial, and the trial court did not abuse its discretion by refusing to grant a motion for mistrial on that basis. *See State v. Kidd*, 286 N.W.2d 120 (S.D.1979) (trial court did not abuse discretion in denying motion for mistrial based on prosecutor's improper remark); *State v. Disbrow*, 266 N.W.2d 246 (S.D.1978) (it was within the trial court's discretion in ruling on a motion for mistrial based on a prosecutor's question).

■ Appellant's attack on the sufficiency of the evidence focuses on the inconsistencies between the victim's account and appellant's girlfriend's account of what occurred at the apartment that evening.

Where conflicting evidence is present, as in this case, and the credibility of witnesses is in issue, then it is a question of fact for the jury. The jury is physically present at the trial and, therefore, in the best position to judge the demeanor and credibility of the witnesses. [cites omitted]

. . . .

In determining the sufficiency of the evidence on appeal the only question presented to this court is whether or not there is evidence in the record which, if believed by the jury, is sufficient to sustain a finding of guilty beyond a reasonable doubt. [cites omitted]

*State v. Shank*, 226 N.W.2d 384, 387 (S.D. 1975). There is sufficient credible evidence to support the jury's verdict in this case.

The judgment is affirmed.