PEOPLE v WESLEY

Docket No. 89597. Submitted March 10, 1987, at Detroit. Decided May 4, 1987.

Wandell Wesley was convicted of first-degree criminal sexual conduct, armed robbery and possession of a firearm during the commission of a felony, Recorder's Court of Detroit, Terrence K. Boyle, J. Defendant appealed, alleging that the trial court abused its discretion in failing to suppress defendant's prior conviction of second-degree murder.

The Court of Appeals *held:*

Review of a trial court's determination to admit evidence of prior convictions for impeachment purposes involves two considerations: (1) whether the trial court recognized its discretion to decline to admit the evidence of the convictions, and (2) whether the trial court's decision was so palpably and grossly violative of fact and logic as to amount to an abuse of discretion. The factors a trial court must weigh in deciding whether or not to allow impeachment of a defendant in a criminal case by evidence of prior convictions are: (1) the nature of the prior offense (did it involve an offense which directly bears on credibility, such as perjury?); (2) whether it is for substantially the same conduct for which the defendant is on trial (are the offenses so closely related that the danger that the jury will consider the defendant a "bad man" or assume that because he was previously convicted he likely committed this crime, and therefore create prejudice which outweighs the probative value on the issue of credibility?); and (3) the effect on the decisional process if the accused does not testify out of fear of impeach-

REFERENCES

Am Jur 2d, Criminal Law § 942.

Am Jur 2d, Evidence § 327.

Am Jur 2d, Witnesses § 523 *et seq.*

Review on appeal, where, accused does not testify, of trial court's preliminary ruling that evidence of prior convictions will be admissible under Rule 609 of the Federal Rules of Evidence if accused does testify. 54 ALR Fed 694.

Construction and application of Rule 609(a) of the Federal Rules of Evidence permitting impeachment of witness by evidence of prior conviction of crime. 39 ALR Fed 570.

ment by prior convictions (are there alternative means of presenting a defense which would not require the defendant's testimony, i.e., can his side of the story be presented, or are there alternative, less prejudicial means of impeaching the defendant?). The trial court weighed the factors and, in reaching its decision, held that the case involved a credibility contest between the victim and the defendant and that suppressing the evidence of defendant's prior conviction would leave the jury with the false impression that defendant was of good character and that the probative value outweighed any prejudicial effect. The trial court recognized its discretion and its decision was not so palpably and grossly violative of fact and logic as to amount to an abuse of discretion.

Affirmed.

1. APPEAL — CRIMINAL LAW — EVIDENCE — IMPEACHMENT — PRIOR CONVICTIONS.

Review of a trial court's determination to admit evidence of prior convictions for impeachment purposes involves two considerations: (1) whether the trial court recognized its discretion to decline to admit the evidence of the convictions; and (2) whether the trial court's decision was so palpably and grossly violative of fact and logic as to amount to an abuse of discretion.

2. CRIMINAL LAW — EVIDENCE — IMPEACHMENT — PRIOR CONVICTIONS.

The factors a trial court must weigh in deciding whether or not to allow impeachment of a defendant in a criminal case by evidence of prior convictions are: (1) the nature of the prior offense (did it involve an offense which directly bears on credibility, such as perjury?); (2) whether it is for substantially the same conduct for which the defendant is on trial (are the offenses so clearly related that the danger that the jury will consider the defendant a "bad man" or assume that because he was previously convicted he likely committed this crime, and therefore create prejudice which outweighs the probative value on the issue of credibility?); and (3) the effect on the decisional process if the accused does not testify out of fear of impeachment by prior convictions (are there alternative means of presenting a defense which would not require the defendant's testimony?).

3. CRIMINAL LAW — EVIDENCE — IMPEACHMENT — PRIOR CONVICTIONS.

The value of evidence of a prior conviction of either a complain-

ant or a defendant is enhanced where there is a direct conflict between their testimony.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of the Criminal Division, Research, Training and Appeals, and *Rosemary A. Gordon,* Assistant Prosecuting Attorney, for the people.

*Hoffa, Chodak & Robiner* (by *Norman R. Robiner*), for defendant on appeal.

Before: CYNAR, P.J., and WEAVER and M. H. CHERRY,* JJ.

PER CURIAM. Defendant was convicted by a jury of first-degree criminal sexual conduct, armed robbery and possession of a firearm during the commission of a felony. MCL 750.520b; MSA 28.788(2); MCL 750.529; MSA 28.797; MCL 750.227b; MSA 28.424(2). He was sentenced to life imprisonment for the criminal sexual conduct conviction, fifty to seventy-five years imprisonment for the armed robbery conviction and two years imprisonment for the felony-firearm conviction to run consecutively to the other two sentences. Defendant appeals as of right.

On November 15, 1984, at approximately noon, the complainant, was approached by defendant at the Leverette's Car Wash located at Dexter and Glendale in the City of Detroit as she dumped trash from her car. Defendant approached the driver's side door of complainant's car and put a gun to her head, reached into the car and searched her pocket for money. Next he demanded a kiss, stating that he would shoot otherwise, and then he opened the car door. Complainant testified that

---

* Circuit judge, sitting on the Court of Appeals by assignment.

there was no one else around at the time. Defendant then instructed complainant to move over and defendant proceeded to get into the car. Once inside, defendant unzipped his pants and forced complainant to perform oral sex. Thereafter, defendant ordered complainant out of her car and drove away. Although complainant hinted to her mother that she was sexually assaulted, she did not inform the police of the sexual incident at that time. Complainant testified that she did not do so because she was embarrassed.

On November 25, 1984, defendant was apprehended while in possession of complainant's car.

While being transported to the police station for a line-up on November 25, 1984, complainant alleged for the first time that defendant had sexually attacked her. The allegation came in response to questioning by Sergeant Edward Ryal. Complainant testified that she was willing to give details of the sexual act to Sergeant Ryal at that time because she had calmed down since the incident.

On these facts, defendant was convicted of first-degree criminal sexual conduct, armed robbery and felony-firearm. On appeal, defendant contends that the trial court abused its discretion by failing to suppress evidence of defendant's prior second-degree murder conviction. He argues that his previous conviction is not an offense which bears directly on credibility. Although it was punishable by imprisonment in excess of one year, it did not involve theft, dishonesty, or false statement. Defendant alleges that the prejudicial effect of admitting the previous criminal record in relation to the present charges far outweighs any probative value gained from admitting the conviction, because he had no alternative means of defending himself other than with his own testimony.

The relevant Michigan rule of evidence for impeachment by evidence of prior convictions is MRE 609, which provides that a witness can be impeached by evidence of prior convictions if the crimes were punishable by death or imprisonment in excess of one year or if the crime involved theft, dishonesty or false statement. In addition, the court is instructed by the rule to determine that the probative value of the evidence outweighs its prejudicial effect.

A decision to admit evidence of prior convictions rests in the sound discretion of the trial judge. *People v Jackson,* 391 Mich 323; 217 NW2d 22 (1974). Review of a trial court's determination to admit evidence of prior convictions involves two considerations: (1) whether the trial judge recognizes his or her discretion to decline to admit evidence of the convictions; and (2) whether the trial judge's decision is so palpably and grossly violative of fact and logic as to amount to an abuse of discretion. *People v Carpenter,* 120 Mich App 574, 580; 327 NW2d 523 (1982).

The factors which the trial judge must weigh in determining whether to suppress evidence of prior convictions were articulated by this Court in *People v Crawford,* 83 Mich App 35, 39; 268 NW2d 275 (1978), as follows:

> (1) the nature of the prior offense (did it involve an offense which directly bears on credibility, such as perjury?), (2) whether it is for substantially the same conduct for which the defendant is on trial (are the offenses so closely related that the danger that the jury will consider the defendant a "bad man" or infer that because he was previously convicted he likely committed this crime, and therefore create prejudice which outweighs the probative value on the issue of credibility?), and (3) the effect on the decisional process if the accused

does not testify out of fear of impeachment by prior convictions (are there alternative means of presenting a defense which would not require the defendant's testimony, *i.e.,* can his side of the story be presented, or are there alternative, less prejudicial means of impeaching the defendant?).

At a pretrial hearing on defendant's motion to suppress his prior conviction, the trial court held that the case involved a credibility contest between the victim and defendant and that suppressing the evidence of the conviction would leave the jury with a false impression that defendant was of good character. The court expressly found that the probative value of the evidence far outweighed any prejudicial value.

The trial judge also recognized the need to consider the effect on the decisional process should defendant elect not to take the stand for fear of impeachment. Defendant had filed a notice of alibi and listed an alibi witness, thus his defense could have been presented through this witness, though we note that defendant elected not to pursue this defense at trial.

Defendant concedes that the conviction for second-degree murder is not for substantially the same conduct as that involved in the present charges. Thus, there was minimal danger that the jury would infer that because defendant was previously convicted he most likely committed these crimes.

We find that the record in this case adequately reflects that the trial judge recognized his discretion and that his decision was not so palpably and grossly violative of fact and logic as to amount to an abuse of that discretion. Many panels of this Court have recognized the importance of allowing the jury to hear evidence of any prior convictions

of a defendant or a complaining witness where the case turns on which party the jury will believe. *People v Lesperance,* 147 Mich App 379, 388; 382 NW2d 788 (1985); *People v Monasterski,* 105 Mich App 645, 655; 307 NW2d 394 (1981), lv den 411 Mich 1017 (1981); *People v Jones,* 98 Mich App 421, 427-429; 296 NW2d 268 (1980); *People v Allen,* 71 Mich App 465; 248 NW2d 588 (1976); *People v Kelly,* 66 Mich App 634; 239 NW2d 691 (1976).

Defendant argues that the instant case does not present a true one-to-one credibility contest, as defendant was apprehended by the police in the complainant's car. However, we find that the case at bar does present a credibility contest with respect to the criminal sexual conduct which complainant alleged took place and which defendant apparently denied.

Affirmed.