PEOPLE v WESLEY (ON REMAND)

Docket No. 116279. Submitted April 5, 1989, at Lansing. Decided
    August 7, 1989.

Wandell Wesley was convicted of first-degree criminal sexual
    conduct, armed robbery, and possession of a firearm during the
    commission of a felony following a jury trial in Recorder's
    Court of Detroit and was sentenced, Terrence K. Boyle, J.
    Defendant appealed, contending that the trial court erred in
    failing to suppress evidence of defendant's prior conviction of
    second-degree murder. The Court of Appeals affirmed defen-
    dant's convictions, 159 Mich App 801 (1987). Defendant sought
    leave to appeal to the Supreme Court, which, in lieu of grant-
    ing leave to appeal, entered an order vacating the judgment of
    the Court of Appeals and remanding the case to the Court of
    Appeals for reconsideration of the impeachment issue in light
    of *People v Allen,* 429 Mich 558 (1988), including the question
    whether the error, if any, was harmless. 432 Mich 880 (1989).

    The Court of Appeals *held:*

    Defendant was impeached with evidence of his prior second-
    degree murder conviction. That conviction was for an offense
    which does not contain elements of dishonesty, false statement,
    or theft. Under the Supreme Court's clarified balancing test set
    forth in *People v Allen,* evidence of defendant's prior conviction
    of second-degree murder should have been excluded. The court
    erred in denying defendant's motion to suppress evidence of the
    prior conviction. However, the error was harmless in light of
    the overwhelming evidence of defendant's guilt of the charged
    crimes.

    Affirmed.

    HOLBROOK, JR., J., dissented. He would find the error not to
    be harmless, but one requiring reversal of defendant's convic-
    tions.

CRIMINAL LAW — EVIDENCE — PRIOR CONVICTIONS — IMPEACHMENT.
    Evidence of prior convictions of crimes having an element of

REFERENCES

Am Jur 2d, Evidence §§ 320 *et seq.;* Witnesses §§ 525, 569 *et seq.*
See the Index to Annotations under Impeachment of Witnesses;
    Prior Offenses and Convictions.

dishonesty or false statement, being directly probative of veracity and possessing little likelihood of prejudice, automatically should be admitted for the purpose of attacking the credibility of a witness, including a witness-accused; evidence of prior convictions of crimes having an element of theft, while strongly probative of veracity, nonetheless may be used by the jury to draw conclusions about a witness-accused's general character and thus should be admitted at the discretion of the trial court; evidence of prior convictions of crimes not having an element of theft and not containing elements of dishonesty or false statement never should be admitted (MRE 609[a]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of the Criminal Division, Research, Training and Appeals, and *Rosemary A. Gordon,* Assistant Prosecuting Attorney, for the people.

*Norman R. Robiner,* for defendant on appeal.

Before: CYNAR, P.J., and WEAVER and HOLBROOK, JR., JJ.

CYNAR, P.J. Following a jury trial, defendant was convicted of first-degree criminal sexual conduct, MCL 750.520b; MSA 28.788(2), armed robbery, MCL 750.529; MSA 28.797, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). Defendant appealed as of right and we affirmed. *People v Wesley,* 159 Mich App 801; 406 NW2d 500 (1987).

By Supreme Court order of May 17, 1988, the application for leave to appeal was held in abeyance pending the decision in *People v Finley,* 431 Mich 506; 431 NW2d 19 (1988), after previously having been held in abeyance for *People v Allen,* 429 Mich 558; 420 NW2d 499 (1988). On March 22, 1989, the Supreme Court, in lieu of granting leave to appeal, entered an order vacating this Court's

judgment and remanding the case to this Court for reconsideration of the impeachment issue in light of *People v Allen,* including the question whether the error, if any, was harmless. 432 Mich 880 (1989).

In *Allen,* the Supreme Court resolved the different interpretations of the application of MRE 609(a) to the practice of impeaching criminal defendants with evidence of prior convictions. In *Allen,* the Court set forth a more specific procedure for the exercise of discretion under the then-existing MRE 609(a). In addition, the Court promulgated an amendment to MRE 609(a) to apply to all cases tried after March 1, 1988. The *Allen* Court further declared that its clarified balancing test is to be applied retroactively to all cases pending on initial and direct appeal in which the issue of impeachment by prior conviction under the then-existing MRE 609(a) has been raised and preserved. *Id.,* p 609. Since the instant appeal is such a case, we must review the trial court's decision to deny defendant's motion to suppress evidence of his prior conviction under the clarified balancing test set forth in *Allen.*

In explaining the balancing test, the Supreme Court stated:

> In sum, the trial judge's first task . . . will be to determine whether the crime contains elements of dishonesty or false statement. If so, it would be admitted without further consideration. If not, then the judge must determine whether the crime contains an element of theft. If it is not a theft crime, then it is to be excluded from evidence without further consideration. [429 Mich 605.]

In this case, defendant was impeached with

evidence of his prior second-degree murder conviction. Under the *Allen* balancing test, the prior conviction was for an offense which does not contain elements of dishonesty or false statement. Furthermore, the prior offense does not contain an element of theft. Therefore, since second-degree murder is not a theft crime, evidence of defendant's conviction should have been excluded. The trial court erred in denying defendant's motion to suppress evidence of the prior conviction. *Id.*

However, such error was harmless in light of the overwhelming evidence of defendant's guilt of the instant offenses. At trial, complainant testified that defendant approached the driver's side door of her car and put a gun to her head. Defendant also reached into the car and searched her pocket for money. Next he demanded a kiss, stating that he would shoot otherwise, and then he opened the car door. Defendant then entered the car, unzipped his pants, and forced complainant to perform oral sex. Thereafter, defendant ordered complainant out of the car and he drove away. About ten days later, defendant was apprehended while in possession of complainant's car. Therefore, we find that the trial court's error in allowing impeachment was harmless error since the prosecutor's case was so strong that we do not believe a reasonable juror could have voted to acquit defendant, even if he had testified and not been impeached. *Id.,* p 612.

Affirmed.

WEAVER, J., concurred.

HOLBROOK, JR., J., *(dissenting).* While I agree with the majority that the trial court erred, I do not find such error to be harmless, but one requiring reversal.