PEOPLE v FERRARI

Docket No. 63328. Submitted June 23, 1983, at Detroit.—Decided
December 7, 1983. Leave to appeal applied for.

Defendant, Albert Ferrari, was convicted, following a jury trial in
the Wayne Circuit Court, of breaking and entering an occupied
dwelling with the intent to commit the crime of larceny. The
trial court, Joseph B. Sullivan, J., sentenced defendant to from
2 to 15 years imprisonment. Defendant appeals alleging that
the trial court erred in admitting evidence of defendant's prior
convictions for burglary and attempted larceny of an automo-
bile for impeachment purposes, thereby forcing defendant to
forego testifying on his own behalf for fear of impeachment,
thus limiting his defense. *Held:*

1. The evidence of defendant's prior convictions of burglary
and attempted larceny of an automobile was probative of
defendant's credibility and was properly admitted.

2. Defendant failed to preserve for review the issue regarding
his failure to testify on his own behalf for fear of impeachment,
therefore, he is precluded from arguing that issue on appeal.

3. The trial court did not abuse its discretion in determining
that the evidence of defendant's prior convictions could be
admitted for impeachment purposes. The court's failure to
articulate for the record the factors considered in rendering its
decision pursuant to MRE 609 was not reversible error since
the court recognized its discretion in admitting such evidence
and there is an absence of an affirmative misapplication of the
criteria to be considered in the exercise of such discretion.

Affirmed.

1. CRIMINAL LAW — EVIDENCE — IMPEACHMENT — PRIOR CONVIC-
TIONS — RULES OF EVIDENCE.

A trial court is empowered to use its discretionary powers to
determine the probative value of admitting evidence of a defen-

REFERENCES FOR POINTS IN HEADNOTES
[1-5] 29 Am Jur 2d, Evidence § 327.
81 Am Jur 2d, Witnesses § 569 *et seq.*
[3] 81 Am Jur 2d, Witnesses § 636.
[4] 5 Am Jur 2d, Appeal and Error § 545 *et seq.*

dant's prior convictions for impeachment purposes; the court must balance the probative value of the evidence with its prejudicial effect in exercising such discretion (MRE 609[a]).

2. Criminal Law — Evidence — Impeachment — Prior Convictions — Rules of Evidence.

The factors a trial court must consider in deciding whether or not to allow impeachment of a defendant in a criminal case by evidence of prior convictions are: (1) the nature of the prior offenses (did they involve offenses bearing directly on credibility, such as perjury?); (2) whether the prior offense is for substantially the same conduct for which the defendant is on trial (are the offenses so closely related that the jury will consider the defendant a bad man; creating prejudice?); (3) the effect on the decisional process if the accused does not testify out of fear of impeachment by prior convictions (are there alternate means of presenting a defense?) (MRE 609[a]).

3. Criminal Law — Evidence — Impeachment — Prior Convictions — Rules of Evidence.

Evidence of a defendant's prior convictions of burglary and attempted larceny of an automobile may be found to be probative of the defendant's credibility and, therefore, to have been properly admitted for impeachment purposes in the defendant's trial for breaking and entering an occupied dwelling with the intent to commit the crime of larceny (MRE 609[a]).

4. Criminal Law — Appeal — Evidence — Prior Convictions — Impeachment — Preserving Question — Rules of Evidence.

A defendant must, to preserve the issue of the propriety of a trial court's ruling regarding the admissibility of evidence of the defendant's prior convictions for impeachment purposes, by a statement of his attorney: (1) establish on the record that he will in fact take the stand and testify if evidence of his challenged prior convictions is excluded, and (2) sufficiently outline the nature of his testimony so that the trial court, and the reviewing court, can do the necessary balancing contemplated in the rules of evidence (MRE 609).

5. Criminal Law — Evidence — Prior Convictions — Rules of Evidence.

The failure of the trial court to discuss on the record the criteria considered in the decision to deny a motion to exclude references to a defendant's prior criminal record does not establish reversible error where the trial court recognized its discretion in admitting such evidence and there is the absence of an

affirmative misapplication of the criteria to be considered in the exercise of such discretion (MRE 609).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *John A. Scavone,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Nora J. Pasman),* for defendant on appeal.

Before: V. J. BRENNAN, P.J., and WAHLS and M. E. DODGE,* JJ.

PER CURIAM. Defendant-appellant, Albert Ferrari, was sentenced to a prison term of from 2 to 15 years, having been convicted by a jury of breaking and entering an occupied dwelling with the intent to commit the crime of larceny, MCL 750.110; MSA 28.305. Defendant was tried jointly with Dale Thomas Mullins, who testified on his own behalf and who was subsequently acquitted.

Prior to trial, the prosecution moved to admit evidence of defendant's prior burglary and attempted larceny of an automobile convictions. Defense counsel failed to object at that time and did not establish that defendant would testify if the evidence of his convictions were excluded. The trial court admitted the evidence of the prior convictions.

Defendant appeals as a matter of right alleging the trial court erred by allowing evidence of prior convictions which were too similar to the pending charge to be used for impeachment purposes, and by forcing defendant to forego testifying on his

---

* Circuit judge, sitting on the Court of Appeals by assignment.

own behalf for fear of impeachment, thus limiting his defense.

The admission of evidence regarding prior convictions for purposes of impeachment is governed by MRE 609(a):

"For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination but only if

"(1) the crime was punishable by death or imprisonment in excess of one year under the law under which he was convicted, or the crime involved theft, dishonesty or false statement, regardless of the punishment, and

"(2) the court determines that the probative value of admitting this evidence on the issue of credibility outweighs its prejudicial effect and articulates on the record the factors considered in making the determination."

A trial court is empowered to use its discretionary powers to determine the probative value of admitting evidence of prior convictions for impeachment purposes. *People v Jackson,* 391 Mich 323; 217 NW2d 22 (1974). In exercising this discretion, a trial court must balance the probative value of the evidence of the prior convictions with its prejudicial effect. *People v Hughes,* 411 Mich 517; 309 NW2d 525 (1981), *reh den* 412 Mich 1101 (1981). In making its determination, a trial court must consider three factors:

(1) The nature of the prior offenses (did they involve offenses bearing directly on credibility, such as perjury?);

(2) Whether the prior offense is for substantially the same conduct for which the defendant is on trial (are the offenses so closely related that the

jury will consider the defendant a bad man, creating prejudice?);

(3) The effect on the decisional process if the accused does not testify out of fear of impeachment by prior convictions (are there alternate means of presenting a defense?). *People v Crawford,* 83 Mich App 35, 39; 268 NW2d 275 (1978).

The defendant contends that the nature of the prior offenses and the similarity between them and the charged larceny should have weighed against their admissibility. Defendant relies on *People v Williams,* 413 Mich 72; 318 NW2d 462 (1982), where a prior voluntary manslaughter conviction was held to be too similar to a second-degree murder offense and should have been excluded as prejudicial. This Court, however, has distinguished *Williams, supra,* from cases where evidence of prior larceny convictions was involved. "Convictions of larceny * * * are much more probative of a witness's credibility than convictions of voluntary manslaughter and reckless discharge of a firearm (the crimes admitted in the *Williams* case)." *People v Rush,* 118 Mich App 236, 240; 324 NW2d 586 (1982). Similarly, evidence of defendant's prior convictions of burglary and attempted larceny was probative of his credibility and properly admitted.

Defendant also contends that error occurred because defendant feared impeachment through evidence of his prior convictions and subsequently refrained from testifying. This Court has recently addressed this same issue in *People v Casey,* 120 Mich App 690, 696; 327 NW2d 337 (1982), where we stated:

"In future cases to preserve the issue for review, a defendant must at least, by a statement of his attorney: (1) establish on the record that he will in fact take the

stand and testify if his challenged prior convictions are excluded; and (2) sufficiently outline the nature of his testimony so that the trial court, and the reviewing court, can do the necessary balancing contemplated in Rule 609."

In the case at hand, defendant's attorney failed to establish the defendant's desire to testify or what might be elicited from such testimony. It is clear that the defendant failed to preserve this issue for review, in accordance with *Casey, supra,* and is therefore precluded from assigning it as error on appeal.

Finally, the defendant also alleges that the trial court erred by failing to articulate the factors considered in rendering its decision pursuant to MRE 609.

The failure of a trial court to discuss on the record the criteria considered in the decision to deny a motion to exclude references to a defendant's prior criminal record does not establish reversible error where the trial court recognized its discretion in admitting such evidence and there is the absence of an affirmative misapplication of the criteria to be considered in the exercise of such discretion. *People v Avery,* 114 Mich App 159; 318 NW2d 685 (1982), *lv den* 417 Mich 861 (1983). In the instant case, it is clear that the trial court recognized its authority to admit or exclude evidence of defendant's prior convictions. The trial court quoted MRE 609 on the record and acknowledged that it had the discretion to admit the evidence.

We find no abuse by the trial court in the exercise of its discretion.

Affirmed.