PEOPLE v LESPERANCE

Docket No. 76029. Submitted October 10, 1985, at Lansing.—Decided
    December 2, 1985.

> Darrell W. Lesperance was convicted of breaking and entering a
> motor vehicle with intent to commit larceny and of larceny
> over $100, Bay Circuit Court, Eugene C. Penzien, J. Defendant
> appealed, alleging several errors. *Held:*
>
> 1. Defendant's conviction of both offenses did not constitute
> double jeopardy. The test of double jeopardy in a single-trial
> multiple offense case is whether the Legislature intended multi-
> ple punishments under the circumstances. The Legislature
> intended to punish for breaking and entering. Any crime a
> defendant commits once inside the premises is a separate act
> subject to separate punishment.
>
> 2. The trial court instructed the jury on alternate charges of
> larceny over $100 and receiving and concealing stolen property
> over $100, without instructing the jury that defendant could
> not be convicted of both. The jury specifically found defendant
> guilty of both offenses, and the trial court entered a conviction
> of larceny only. Under the circumstances, and because the
> penalties for the two offenses were identical, no manifest injus-
> tice resulted from the trial court's instruction.
>
> 3. Defendant failed to object at trial to an allegedly improper
> argument by the prosecutor. The court properly instructed the
> jury regarding the argument of counsel. No manifest injustice
> results from a failure of the Court of Appeals to address the
> issue.
>
> 4. The trial court did not err in allowing admission of
> evidence of the defendant's prior convictions.
>
> Affirmed.

1. CRIMINAL LAW — DOUBLE JEOPARDY — MULTIPLE PUNISHMENT.
    The test for whether conviction of two offenses based upon proof

REFERENCES

Am Jur 2d, Appeal and Error §§ 545 *et seq.*

Am Jur 2d, Criminal Law §§ 183, 244.

Am Jur 2d, Evidence §§ 1160, 1175.

See the annotations in the ALR3d/4th Quick Index under Criminal
Law; Former Jeopardy; Prior Claims and Proceedings.

of a single act constitutes double jeopardy is whether the Legislature authorized multiple punishment under the circumstances.

2. CRIMINAL LAW — DOUBLE JEOPARDY — MULTIPLE PUNISHMENT.

A defendant may properly be convicted of both breaking and entering with intent to commit larceny and the completed larceny; the Legislature intended to punish separately for a breaking and entering and for any crime which the defendant commits once he has entered the premises (MCL 750.356a; MSA 28.588[1]).

3. APPEAL — JURY INSTRUCTIONS — PRESERVING QUESTION.

Failure to object to a jury instruction precludes appellate review of the instruction absent manifest injustice.

4. CRIMINAL LAW — APPEAL — PROSECUTOR'S COMMENTS.

Failure to object at trial to a prosecutor's comments or to request a curative instruction precludes appellate review of the comments absent manifest injustice.

5. CRIMINAL LAW — EVIDENCE — PRIOR CONVICTIONS.

Evidence that a defendant has been previously convicted of a crime is admissible if (1) the crime was punishable by death or imprisonment for more than one year or the crime involved theft, dishonesty or false statement, regardless of the punishment, and (2) the court determines that the probative value of admitting the evidence on the issue of credibility outweighs its prejudicial effect (MRE 609[a]).

6. CRIMINAL LAW — EVIDENCE — PRIOR CONVICTIONS.

Three factors are considered in determining whether the probative value of admitting evidence of a prior conviction outweighs its prejudicial effect: (1) the nature of the previous conviction; (2) whether the previous conviction was for substantially the same conduct as the charged offense; and (3) the effect on the decisional process if the accused does not testify for fear of impeachment.

7. CRIMINAL LAW — EVIDENCE — PRIOR CONVICTIONS.

The value of evidence of a prior conviction of either a complainant or a defendant is enhanced where there is a direct conflict between their testimony.

8. CRIMINAL LAW — EVIDENCE — PRIOR CONVICTIONS.

The similarity of a defendant's prior conviction and the charged offense is a factor weighing against the admissibility of evidence of the prior conviction; however, the trial court has the

discretion to allow impeachment by evidence of an identical prior conviction if there is reason to conclude that the probative value of the evidence outweighs the prejudicial effect.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *George B. Mullison,* Prosecuting Attorney, and *Martha G. Mettee,* Assistant Prosecuting Attorney, for the people.

*Thomas J. Bleau,* for defendant on appeal.

Before: J. H. GILLIS, P.J., and CYNAR and R. L. EVANS,* JJ.

CYNAR, J. Defendant was convicted by a jury in Bay County Circuit Court of breaking and entering a motor vehicle with intent to commit larceny, MCL 750.356a; MSA 28.588(1), and larceny over $100, MCL 750.356; MSA 28.588. Defendant was sentenced to from 5 to 10 years on each count, to run concurrently. He now appeals as of right.

On or about April 28, 1983, defendant allegedly broke into a car parked in front of a residence located at 3016 East Birch Drive in Bangor Township. After breaking into the car, defendant removed several items, including: a cassette tape deck, two speakers, a console, several cassette tapes, and a watch missing a crystal.

On April 29, 1983, defendant was stopped by Police Officer Gibson for a traffic equipment violation. During the stop Officer Gibson observed that there was a Realistic♦ cassette player and four speakers located in defendant's car. Because the property had not yet been reported as stolen, Officer Gibson did not arrest defendant. Shortly thereafter, Gibson's partner contacted him to advise him of a stolen property report, and Gibson

---

* Recorder's court judge, sitting on the Court of Appeals by assignment.

realized that the stolen property matched the property he had seen in defendant's car. A search warrant was secured. Some of the property was eventually recovered.

Relying on *People v West,* 122 Mich App 517; 332 NW2d 517 (1983), *lv den* 418 Mich 909; 342 NW2d 522 (1984),[1] defendant argues that his conviction for both breaking and entering a motor vehicle with intent to commit larceny, MCL 750.356a; MSA 28.588(1), and larceny over $100, MCL 750.356; MSA 28.588, violated his constitutional right to be protected against double jeopardy. The *West* Court found double jeopardy where the defendant pled guilty to both breaking and entering a store with intent to commit larceny and larceny in a store on the basis that defendant's plea-based convictions were based on proof of a single act. The Court stated that:

"'* * * under Michigan law rather than federal, if, factually, the convictions are based on proof of a single act, the separate crimes are held to consist of nothing more than a greater crime and certain of its lesser included offenses. See *People v Jankowski,* 408 Mich 79, 86; 289 NW2d 674 (1980). In such a case, multiple convictions cannot be allowed to stand. *Jankowski, supra,* p 86." 122 Mich App 521.

The above analysis was rejected in *People v Wakeford,* 418 Mich 95, 110-111; 341 NW2d 68 (1983), where the Supreme Court stated:

"[D]efendant's claim of factual double jeopardy depends not upon whether most or all of the same evidence was utilized to convict of both counts of armed robbery, but whether the legislative intent or statutory purpose was that two convictions should result. To the extent certain language in *Martin [People v Martin,*

---

[1] Three justices would have granted leave to appeal.

398 Mich 303; 247 NW2d 303 (1976)], *Stewart [People v Stewart (On Reh), 400 Mich 540; 256 NW2d 31 (1977)]*, and *Jankowski* suggests that the critical test is whether the defendant committed 'one single wrongful act', we specifically disavow that test. It is up to the Legislature, not this Court, to determine what constitutes a single offense. The so-called 'factual double jeopardy' doctrine simply asks whether the Legislature authorized multiple punishment under the circumstances."

The *Wakeford* Court did not deal with the issue of multiple punishment under two statutes, but, instead, with multiple punishment under a single statute. The issue before the Court was whether the robbery of two grocery store cashiers constituted one or two robberies under the robbery statute.

In the instant case we are confronted with a single prosecution which resulted in multiple punishments under two statutes. In *People v Robideau*, 419 Mich 458; 355 NW2d 592 (1984), our Supreme Court considered a defendant's right against double jeopardy in single-trial[2] multiple punishment cases involving more than one statute and concluded that "[t]he only interest of the defendant is in not having more punishment imposed than that intended by the Legislature". 419 Mich 485. In determining whether the Legislature intended multiple punishments under two statutes, the *Robinson* Court rejected the commonly

[2] In *People v Robideau*, 419 Mich 458, 480-485; 355 NW2d 592 (1984), our Supreme Court distinguished between a defendant's double jeopardy interest in single prosecution cases and successive-prosecution cases, stating that the latter cases involve "the core values of the Double Jeopardy Clause, the common-law concepts of *autrefois acquit* and *convict.* * * * Where successive prosecutions are involved, the Double Jeopardy Clause protects the individual's interest in not having to twice 'run the gauntlet', in not being subjected to 'embarrassment, expense and ordeal', and in not being compelled 'to live in a continuing state of anxiety and insecurity', with enhancement of the 'possibility that even though innocent he may be found guilty'."

called *Blockburger* test,[3] *Blockburger v United States,* 284 US 299, 304; 52 S Ct 180; 76 L Ed 306 (1936), and set forth the following general principles to aid courts in the double jeopardy analysis.

"Statutes prohibiting conduct that is violative of distinct social norms can generally be viewed as separate and amenable to permitting multiple punishments. A court must identify the type of harm the Legislature intended to prevent. Where two statutes prohibit violations of the same social norm, albeit in a somewhat different manner, as a general principle it can be concluded that the Legislature did not intend multiple punishments. For example, the crimes of larceny over $100, MCL 750.356; MSA 28.588, and larceny in a building, MCL 750.360; MSA 28.592, although having separate elements, are aimed at conduct too similar to conclude that multiple punishment was intended.

"A further source of legislative intent can be found in the amount of punishment expressly authorized by the Legislature. Our criminal statutes often build upon one another. Where one statute incorporates most of the elements of a base statute and then increases the penalty as compared to the base statute, it is evidence that the Legislature did not intend punishment under both statutes. The Legislature has taken conduct from the base statute, decided that aggravating conduct deserves additional punishment, and imposed it accordingly, instead of imposing dual convictions.

"We do not intend these principles to be an exclusive

[3] The *Blockburger* test was set forth in *Blockburger v United States,* 284 US 299, 304; 52 S Ct 180; 76 L Ed 306 (1932), as follows:

"The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not."

The *Robideau* Court explained the *Blockburger* test, stating:

"If two statutes constitute the 'same offense' under the *Blockburger* test, it is presumed that the Legislature did not intend to allow the defendant to be punished under both statutes." *Robideau, supra,* p 470.

list. Whatever sources of legislative intent exist should be considered. If no conclusive evidence of legislative intent can be discerned, the rule of lenity requires the conclusion that separate punishments were not intended." (Footnotes ommited.) 419 Mich 487.

Applying the above principles to the present case, we conclude that the Legislature intended multiple punishment for both the breaking and entering with intent to commit larceny and the subsequent larceny. We believe that the Legislature intended to punish for the crime of breaking and entering when it enacted MCL 750.356a; MSA 28.588(1). As this Court concluded in *People v Wise*, 134 Mich App 82, 93; 351 NW2d 255 (1984), *lv den* 422 Mich 852 (1985), a case decided before *Robideau, supra*, "[b]reaking and entering is not a continuing offense. It is completed once the burglar is inside the building", or, as in this case, the motor vehicle. Hence, any crime the burglar commits once inside the motor vehicle is a separate act and defendant is not placed in double jeopardy if convicted of both the breaking and entering charge and the larceny charge. *People v Petrella*, 124 Mich App 745, 765; 336 NW2d 761 (1983).

We conclude that defendant's convictions on the charged offenses did not place defendant in double jeopardy.

Defendant next argues that the trial court erred in instructing the jury on the alternative charges of larceny over $100 and receiving and concealing stolen property over $100 without instructing that the jury could not find defendant guilty of both offenses.

Defendant failed to object to the challenged jury instruction. Indeed, defendant agreed to the trial court's instruction. Defendant's failure to object to the jury instruction precludes appellate review

absent manifest injustice. *People v Vicuna,* 141 Mich App 486, 492; 367 NW2d 887 (1985). The trial court entered a conviction on the larceny offense only. The penalties for larceny over $100 and receiving and concealing stolen property over $100 are equivalent. Defendant therefore did not receive a sentence in excess of what he should have received. While the better practice would have been to inform the jury that they could only convict on one of the alternative charges, under the circumstances no manifest injustice resulted from the trial court's jury instruction. We therefore decline to reverse on this point.

Relying on *People v Allen,* 252 Mich 553; 233 NW 412 (1930), defendant claims that the jury verdict in this case is void and must therefore be overturned. In *Allen* the information contained two counts. In the first the defendant was charged with larceny of personal property over $100, and in the second with the receiving of such property, knowing it to be stolen. The trial judge in his instruction to the jury carefully defined both offenses. The jury rendered a verdict "guilty as charged". Our Supreme Court reversed the jury verdict, finding that the two charges were distinct offenses and a "conviction on one count works an acquittal on the other". 252 Mich 554.

Because the jury in this case rendered a separate verdict finding defendant guilty of both larceny and receiving or concealing stolen property, instead of a general guilty verdict, this case is distinguishable from the facts presented in *Allen.* The *Allen* Court concluded that under the verdict rendered in that case, "a part of the jury might have found the defendant guilty of the larceny, and the rest of the jury might have found him guilty of receiving the stolen property". *Id.* In the present case, the verdict form submitted to the

jury indicates that the entire jury found defendant guilty of both larceny and receiving or concealing stolen property. The dangers present in *Allen* do not exist in this case.

Next defendant argues that he was denied a fair trial by the prosecutor's comment on a fact not in evidence.

Defendant did not object to the prosecutor's comment concerning defendant's admission that the stolen property was taken from the owner's car on the night in question. Defendant now argues for the first time on appeal that he was prejudiced by the challenged statement because it refers to facts not in evidence. Defendant's failure to object at trial or to request a curative instruction precludes appellate review absent manifest injustice. *People v Duncan*, 402 Mich 1, 15-17; 260 NW2d 58 (1977). Inasmuch as the trial court properly instructed the jury that the prosecutor's comments were not to be considered as evidence and other evidence was presented which indicated that defendant admitted that the goods were "hot", we find no reversible error. *Id.* Our refusal to address this issue would not result in a miscarriage of justice.

Defendant's final argument involves the trial court's admission of evidence of defendant's two prior convictions for attempted breaking and entering and larceny over $100. The record indicates that the prosecutor did not question defendant about his prior convictions. However, defense counsel did refer to the two prior convictions during opening statement, apparently because of the trial court's ruling.

The admissibility of evidence of prior convictions is governed by MRE 609(a), which provides in pertinent part:

"For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination but only if

"(1) the crime was punishable by death or imprisonment in excess of one year under the law under which he was convicted, or the crime involved theft, dishonesty or false statement, regardless of the punishment, and

"(2) the court determines that the probative value of admitting this evidence on the issue of credibility outweighs its prejudicial effect."

In *People v Cook,* 131 Mich App 796, 803-804; 347 NW2d 720 (1984), we set forth the following three factors for determining whether the probative value of admitting evidence of a prior conviction outweighs its prejudicial effect: 1) the nature of the previous conviction, 2) whether the conviction was for substantially the same conduct as the charged offense, and 3) the effect on the decisional process if the accused does not testify for fear of impeachment.

In the present case the trial court noted that because the prosecution's theory of the case was directly opposite the defendant's theory of the case, credibility of the witnesses was important. If there is a direct conflict between the testimony of a complainant and a defendant, the probative value of evidence of prior convictions of either witness is enhanced. See *People v Floyd,* 71 Mich App 462, 463-464; 248 NW2d 586 (1976).

As the trial court recognized, defendant's prior convictions for attempted breaking and entering and larceny over $100 are similar to the offenses charged in this case. This similarity does not automatically require exclusion of the prior convictions for impeachment purposes. The similarity of

a prior conviction and the charged offense is a factor weighing against the admissibility of the prior conviction. However, a trial court still has discretion to allow impeachment by evidence of an identical prior conviction if there is reason to conclude that the probative value of the evidence outweighs the prejudicial effect. *People v Pedrin,* 130 Mich App 86; 343 NW2d 243 (1983).

Prior to the trial court's ruling on the admissibility of evidence of defendant's prior convictions, defendant informed the court that he would testify regardless of whether he was impeached by the evidence of the prior convictions. Also, the prosecutor never questioned defendant about his prior convictions.

We conclude that the trial court's determination, that the probative value of admitting evidence of defendant's prior convictions outweighed the prejudicial effect of admitting such evidence, was proper in this case. We therefore decline to reverse on this point.

Affirmed.