PEOPLE v DINSMORE

Docket No. 90780. Submitted April 8, 1987, at Lansing. Decided February 1, 1988. Leave to appeal applied for.

Defendant, Donald G. Dinsmore, was lawfully stopped by a police officer on September 26, 1984, while riding a motorcycle without eye protection at a speed in excess of thirty-five miles per hour. The cycle was impounded for further investigation when the VIN on the front fork of the cycle did not match the VIN on the vehicle registration form. Subsequent investigations on September 28 and November 28, 1984, produced evidence that the cycle was stolen. A search warrant was not obtained. Defendant was then arrested. Defendant was convicted following a jury trial in Bay Circuit Court of receiving and concealing stolen property worth over $100. He thereafter entered a guilty plea as a habitual offender, third offense, and the trial court, Eugene C. Penzien, J., sentenced him to from 52 to 120 months imprisonment. Defendant appealed alleging error in the denial of his pretrial motion to suppress evidence and in the admission for impeachment purposes of evidence of his 1977 conviction for receiving and concealing stolen property worth less than $100.

The Court of Appeals *held:*

1. The discrepancy between the VINs constituted probable cause to seize the cycle and investigate further without a warrant. A vehicle lawfully in police custody may be searched on the basis of probable cause to believe that it contains contraband, and there is no requirement of exigent circumstances to justify the search without a warrant. Since the cycle

REFERENCES

Am Jur 2d, Searches and Seizures §§ 16, 43, 45, 99.

Am Jur 2d, Witnesses §§ 569-586.

Construction and application of Rule 609(a) of the Federal Rules of Evidence permitting impeachment of witness by evidence of prior conviction of crime. 39 ALR Fed 570.

Search and seizure: suppression of evidence found in automobile during routine check of vehicle identification number (VIN). 27 ALR4th 549.

Propriety of jury instruction regarding credibility of witness who has been convicted of a crime. 9 ALR4th 897.

was lawfully impounded, the subsequent investigations were likewise permissible to as broad an extent as could have been authorized by a warrant.

2. Defendant had no cognizable privacy interest in the VIN listed on the front fork of the cycle. The delayed investigation of the VIN found in the cycle's crankcase was justifiable and constitutional.

3. The trial court did not abuse its discretion in deciding to admit evidence for impeachment purposes of defendant's 1977 conviction for receiving and concealing stolen property worth less than $100.

Affirmed.

E. F. OPPLIGER, J., concurred with the determination that the search and seizure of the cycle without a warrant does not require suppression of the evidence that the cycle was stolen. He disagrees with the finding that the trial court did not err in admitting evidence of defendant's 1977 conviction. He feels that the prejudicial effect of its admission outweighed its probative value. He would reverse.

1. SEARCHES AND SEIZURES — PROBABLE CAUSE — VEHICLE IDENTIFICATION NUMBERS.

A discrepancy between the vehicle identification numbers on a motorcycle and on the cycle's registration papers may constitute probable cause to seize the cycle and conduct postimpoundment investigations of the cycle without a warrant; there is no requirement of exigent circumstances to justify such a search; given the initial evidence of the cycle's stolen character, the motorcycle may be lawfully impounded and a subsequent investigation of the cycle is permissible to as broad an extent as could have been authorized by a warrant.

2. SEARCHES AND SEIZURES — RIGHT TO PRIVACY — VEHICLE IDENTIFICATION NUMBERS.

There is no cognizable privacy interest in the serial number listed in plain view on the front fork of a motorcycle; therefore, no Fourth Amendment privacy interest is created where the serial number is defaced, and an electrolysis investigation of the defaced serial number is exempt from Fourth Amendment strictures.

3. CRIMINAL LAW — WITNESSES — IMPEACHMENT — PRIOR CONVICTIONS.

A trial court's decision to admit evidence of a defendant's prior conviction for impeachment purposes will not be reversed absent an abuse of discretion; in making such determination

the trial court must consider: (1) The nature of the prior offenses (did they involve offenses bearing directly on credibility, such as perjury?); (2) Whether the prior offense is for substantially the same conduct for which the defendant is on trial (are the offenses so closely related that the jury will consider the defendant a bad man, creating prejudice?); and (3) The effect on the decisional process if the accused does not testify out of fear of impeachment by prior convictions (are there alternate means of presenting a defense?) (MRE 609[a]).

4. CRIMINAL LAW — WITNESSES — IMPEACHMENT — PRIOR CONVICTIONS.

The similarity between a prior conviction and the charged offense does not per se bar the use of evidence of the prior conviction for impeachment purposes; the key question is whether the probative value of the evidence of the prior conviction outweighs its prejudicial effect.

5. CRIMINAL LAW — WITNESSES — IMPEACHMENT — THEFT OFFENSES.

Convictions involving theft are especially probative on the issue of credibility of a witness.

6. CRIMINAL LAW — WITNESSES — IMPEACHMENT — PRIOR CONVICTIONS.

Evidence of prior similar convictions may be admissible for impeachment purposes where the case is essentially a credibility contest between the prosecution and the defendant.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *George B. Mullison,* Prosecuting Attorney, and *Martha G. Mettee,* Assistant Prosecuting Attorney, for the people.

*George C. Bush,* for defendant on appeal.

Before: M. J. KELLY, P.J., and HOOD and E. F. OPPLIGER,* JJ.

HOOD, J. On December 6, 1985, defendant was convicted following a jury trial in Bay Circuit Court of feloniously receiving and·concealing stolen property worth over $100, MCL 750.535; MSA 28.803. Immediately following his conviction, de-

* Circuit judge, sitting on the Court of Appeals by assignment.

fendant entered a guilty plea as an habitual offender, third offense, under MCL 769.11; MSA 28.1083. The trial judge then sentenced defendant to 52 to 120 months incarceration and defendant appeals as of right seeking reversal or a new trial.

First, defendant challenges the lower court's denial of his pretrial motion to suppress evidence allegedly obtained in violation of the Fourth Amendment of the United States Constitution. Second, defendant challenges the trial court's admission of evidence of prior like offenses under MRE 609. We affirm.

On September 26, 1984, Trooper Robert William Puddy observed defendant riding a motorcycle on M-13 in Bay County. Defendant was riding without eye protection at a speed in excess of thirty-five miles per hour, contrary to MCL 257.708a; MSA 9.2408(1). Officer Puddy stopped defendant and requested his operator's license, vehicle registration, and proof of insurance. Defendant produced his license and a vehicle registration which matched the cycle's license plate.

Officer Puddy compared the vehicle identification number (VIN) on the front fork of the motorcycle with the corresponding number on the vehicle registration form. The front fork indicated a Michigan VIN of 69578. The registration listed a Michigan VIN of 70220. His suspicions aroused, Trooper Puddy advised the defendant that he intended to impound the bike for further investigation. Defendant agreed to drive the bike to the station rather than have it towed.

At the station, Officer Puddy and a Detective Sergeant Harken examined the exterior of the cycle in search of an original manufacturer's VIN. The officers found that all the hidden VIN numbers were defaced beyond recognition. Following an

interview, defendant was released pending further investigation of the retained motorcycle.

Two days later, on September 28, 1984, the police inspected the crankcase interior. This entailed removal of a crankcase cover as well as substantial engine disassembly. The inspection revealed an untouched serial number (178251033) which the police later traced to a VIN assigned to a stolen cycle.

Two months later, on November 28, 1984, John Renauld of the National Automotive Theft Bureau applied chemical electrolysis to the defaced number on the front of the motorcycle frame. Renauld raised a serial number (DS 6077) which corresponded to Harley Davidson VIN 5E48023H9. At the preliminary examination, defendant stipulated that the Harley Davidson VIN corresponded to that of another stolen cycle.

Renauld also inspected the interior crankcase and found the same number as that which the police traced to the first stolen motorcycle. Thereafter, Trooper Puddy arrested defendant on January 27, 1985.

On November 12, 1985, defendant brought a motion to suppress evidence of the VINs. At the hearing, defendant challenged the original impoundment of the cycle as well as all subsequent VIN investigations under both the Fourth Amendment's proscription against unreasonable searches and seizures and the warrant requirement. The court denied his motion in an oral opinion.

Defendant's Fourth Amendment argument is twofold. First, defendant claims that the discrepancy between the VIN on his registration and the visible VIN on the cycle did not constitute sufficient probable cause to believe that the motorcycle was stolen to enable Officer Puddy to seize the cycle. Second, defendant argues that the searches for

VINS which occurred two days and two months later were unconstitutional in that the officers had ample time to get a warrant. We reject both contentions.

This Court will reverse a trial court's decision following a suppression hearing only if it is clearly erroneous. *People v Bryant,* 135 Mich App 206, 210; 353 NW2d 480 (1984), lv den 419 Mich 950 (1984). We feel that the lower court correctly found that the discrepancy between the VINS on defendant's registration and on the cycle constituted probable cause to seize the cycle. Given the traffic violation, the stop was clearly lawful, as was the request for documentation. The discrepancy between the frame VIN and the VIN keyed to the license plate and the registration papers clearly supported Officer Puddy's suspicion that the motorcycle, if not defendant, was "hot." The lower court properly so found. Given the legitimacy of this finding, the lower court properly sanctioned the seizure and the investigation without a warrant.

In *Cardwell v Lewis,* 417 US 583, 593; 94 S Ct 2464, 2470; 41 L Ed 2d 325, 336 (1974), a four-member plurality sanctioned the impoundment and delayed search of a vehicle without a warrant where probable cause would have supported an on-the-spot investigation under the automobile exception. In *United States v Johns,* 469 US 478, 487; 105 S Ct 881, 887; 83 L Ed 2d 890, 898 (1985), a seven-to-two majority used *Cardwell* to uphold a vehicular seizure without a warrant followed by a delayed search under the automobile exception of containers containing marijuana. Citing *United States v Ross,* 456 US 798; 102 S Ct 2157; 72 L Ed 2d 572 (1982), the *Johns* Court recognized that the automobile exception sanctions police searches without a warrant to the same extent permissible

under a magistrate's warrant. *Johns,* 469 US 483-485; 105 S Ct 885-886; 83 L Ed 2d 896-897. More significantly, in *Johns,* the automobile exception survived a three-day delay between the legitimate *Cardwell* seizure and the search without a warrant. In so holding, the Court rejected the defendant's argument based on *Coolidge v New Hampshire,* 403 US 443; 91 S Ct 2022; 29 L Ed 2d 564 (1971), that the delay vitiated the automobile exception so as to reactivate the warrant requirement and taint the postimpoundment investigations.

It follows from *Johns* that the postimpoundment investigations in the instant case were permissible in light of the lower court's proper determination of initial probable cause. Under *Ross,* mere probable cause would have authorized an on-the-spot investigation of the vehicle for evidence of its stolen character to the same extent as could have been authorized by a search warrant. See *Ross,* 456 US 825; 102 S Ct 2173; 72 L Ed 2d 594. Under *Cardwell* and *Johns,* the same probable cause justified both the vehicular seizure and the delayed investigations without a warrant, quite apart from any consideration of circumstantial exigency: "A vehicle lawfully in police custody may be searched on the basis of probable cause to believe that it contains contraband, and there is no requirement of exigent circumstances to justify such a warrantless search." *Johns,* 469 US 484; 105 S Ct 885; 83 L Ed 2d 897, citing *Michigan v Thomas,* 458 US 259, 261-262; 102 S Ct 3079; 73 L Ed 2d 750 (1982). Given the initial evidence of its stolen character, the motorcycle was lawfully impounded. *Cardwell; Johns.* Given the lawful impoundment, the subsequent investigations were likewise permissible to as broad an extent as could have been authorized by a warrant.

The preceding discussion grants arguendo defendant's contention that the VIN investigations amount to Fourth Amendment activity, a search. However, after the broad language of *New York v Class,* 475 US 106; 106 S Ct 960; 89 L Ed 2d 81 (1986), this is a dubious position.

In *Class,* New York police officers lawfully stopped the defendant motorist after observing his car with a cracked windshield (in violation of local traffic law). The defendant exited from the car to meet the officers. The dashboard VIN was obscured by papers. To ascertain the VIN, one of the officers entered the car and removed the papers. While inside, the officer saw a gun protruding from underneath the driver's seat. Defendant was ultimately convicted of the unlawful possession of that gun. 475 US 108-109; 106 S Ct 963; 89 L Ed 2d 86-87.

Citing the reduced expectation of privacy generally recognized in the automotive search context, as well as the significant role played by the VIN system in the "web" of pervasive automobile regulation, the Court declined to recognize any privacy interest in the dashboard VIN. 475 US 111-114; 106 S Ct 964-966; 89 L Ed 2d 88-91. Moreover, the Court stated:

> We think it makes no difference that the papers in respondent's car obscured the VIN from the plain view of the officer. We have recently emphasized that efforts to restrict access to an area do not generate a reasonable expectation of privacy where none would otherwise exist. See *Oliver v United States,* [466 US 170, 182-184; 104 S Ct 1735, 1743-1744; 80 L Ed 2d 214, 226-228 (1984)] (placement of "No Trespassing" signs on secluded property does not create "legitimate privacy interest" in marihuana fields). Here, where the object at issue is an identification number behind the

transparent windshield of an automobile driven
upon the public roads, we believe that the place-
ment of the obscuring papers was insufficient to
create a privacy interest in the VIN. The mere
viewing of the formerly obscured VIN was not,
therefore, a violation of the Fourth Amendment.
[*Class,* 475 US 114; 106 S Ct 966; 89 L Ed 2d 90-
91.]

In the instant case, there were two challenged
investigations. One was a November 28, 1984,
electrolysis of the exterior fork. The other entailed
removal of the crankcase cover and inspection of
the crankcase interior (which occurred on two
occasions; two days after the seizure, on September
28, and again on November 28, 1984). These activi-
ties alone produced evidence for trial.

As for the electrolysis investigation, there was
no cognizable privacy interest in the serial number
listed on the fork. *Class, supra.* Like the *Class*
dashboard VIN, the fork serial number was origi-
nally in plain view. If defendant Class' efforts to
obscure the dashboard VIN with papers, probably
inadvertent, created no Fourth Amendment pri-
vacy interest, then neither did the guilty efforts of
one who defaced the motorcycle fork. Under *Class,*
the November 28, 1984, electrolysis of the fork
serial number was exempt from Fourth Amend-
ment strictures.

Despite its intrusive nature, we likewise believe
the crankcase investigation without a warrant was
justifiable under a careful reading of *Class.* How-
ever, given *Johns'* approbation of a delayed search
based on mere probable cause, in a scope as intru-
sive as permissible under a search warrant, it is
unnecessary to probe the reach of *Class.* Given the
lower court's finding of probable cause at the
initial stop, a search warrant would have added
nothing to police investigative authority. *Ross,*

*supra; Johns, supra.* Therefore, if the delayed crankcase intrusion constituted a Fourth Amendment "search," it was constitutional.

Defendant next claims that the trial court abused its discretion in admitting for the purposes of impeachment evidence of his 1977 conviction for receiving and concealing stolen property worth less than $100. At trial, defendant moved to prevent the people from cross-examining him as to the conviction, but the court denied the motion in an oral opinion. The people subsequently elicited testimony of the conviction during cross-examination of the defendant.

MRE 609(a) sets forth the circumstances under which evidence of a prior conviction may be used for impeachment:

> For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination but only if
>
> (1) the crime was punishable by death or imprisonment in excess of one year under the law under which he was convicted, or the crime involved theft, dishonesty or false statement, regardless of the punishment, and
>
> (2) the court determines that the probative value of admitting this evidence on the issue of credibility outweighs its prejudicial effect and articulates on the record the factors considered in making the determination.

The crime of receiving and concealing stolen property worth less than $100 is a misdemeanor. MCL 750.535(1); MSA 28.803(1). However, it is a theft crime and thus evidence of such a conviction is potentially admissible under the rule.

The trial court's decision to admit evidence of a

prior conviction for impeachment will not be reversed absent an abuse of discretion. *People v Monasterski,* 105 Mich 645, 654; 307 NW2d 394 (1981), lv den 411 Mich 1017 (1981). In *People v Carpenter,* 120 Mich App 574, 580-581; 327 NW2d 523 (1982), we stated:

> The decision to admit evidence of prior convictions rests in the sound discretion of the trial court. *People v Jackson,* 391 Mich 323; 217 NW2d 22 (1974). Review of a trial court's determination to admit evidence of prior convictions for impeachment purposes involves two considerations: (1) whether the trial judge recognized his discretion to decline to admit evidence of the convictions, and (2) whether the trial judge's decision was so palpably and grossly violative of fact and logic as to amount to an abuse of discretion. *People v Worden,* 91 Mich App 666, 674-676; 284 NW2d 159 (1979).

In making its determination, a trial court must consider three factors:

> (1) The nature of the prior offenses (did they involve offenses bearing directly on credibility, such as perjury?);
> (2) Whether the prior offense is for substantially the same conduct for which the defendant is on trial (are the offenses so closely related that the jury will consider the defendant a bad man, creating prejudice?);
> (3) The effect on the decisional process if the accused does not testify out of fear of impeachment by prior convictions (are there alternate means of presenting a defense?). [*People v Ferrari,* 131 Mich App 621, 624-25; 345 NW2d 645 (1983), lv den 421 Mich 852 (1985).]

The similarity between the prior conviction and the charged offense does not per se bar the use of

evidence of the prior conviction for impeachment purposes. *People v Townsend,* 60 Mich App 204, 206; 230 NW2d 378 (1975); *Monasterski, supra,* p 655; *Carpenter, supra,* p 581. In the instant case, applying the three factors, we note that the offense of receiving stolen property is a theft crime. This Court has indicated that convictions involving theft are especially probative on the issue of credibility. *People v Jones,* 98 Mich App 421, 432; 296 NW2d 268 (1980); *People v Kelly,* 66 Mich App 634; 239 NW2d 691 (1976). The third factor does not come into play, since defendant testified at trial, and there was thus no adverse effect on the decisional process arising out of a defendant's refusal to testify for fear of impeachment. Regarding the second factor, although the conviction was for a similar crime, this does not necessarily make evidence of the prior conviction inadmissible. *Townsend, supra,* p 206; *Monasterski, supra,* p 655; *Carpenter, supra,* p 581. Rather, the key question is whether the probative value of the evidence of the prior conviction outweighed its prejudicial effect. *Monasterski, supra,* p 654; *Ferrari, supra,* p 624. In the instant case, the trial court recognized the discretion it had to determine whether the probative value outweighed the prejudicial effect. The court also noted the fact that the case involved a credibility contest between the people and defendant, who testified that he did not know that the cycle was stolen when he purchased it. The court stated that the jury could use whatever information was available to it to determine defendant's credibility. This Court has on many occasions held that evidence of prior similar convictions is admissible for impeachment where the case is essentially a credibility contest between the prosecution and defendant. See *Monasterski, supra,* pp 654-55; *Carpenter, supra,* p 581; *People v*

*Lesperance,* 147 Mich App 379, 388; 382 NW2d 788 (1985). In the instant case, the court did not allow evidence of two other prior convictions, as they fell outside of the ten-year limitation of MRE 609. In addition, the court instructed the jury that the evidence was only to be used for impeachment purposes. We feel that the trial court recognized its discretion, properly considered the appropriate factors, and articulated on the record its reasons why it found the probative value outweighed the prejudicial effect. We feel that the trial court did not abuse its discretion in deciding to admit the evidence.

Defendant also requests that this Court repudiate MRE 609(a) insofar as it may allow impeachment by evidence of prior convictions of a criminal defendant who has not placed his character in issue. Defendant claims that MRE 609(a) contravenes MRE 102, which provides that the rules of evidence are intended to secure fairness in administration. We find this contention meritless, and decline to repudiate MRE 609(a). We also note that a change in MRE 609(a) must emanate not from this Court but from the Supreme Court, which promulgated the rule.

Affirmed.

M. J. Kelly, P.J., concurred.

E. F. Oppliger, J. *(concurring in part and dissenting in part).* I concur with the majority's conclusion that the search and seizure of the cycle without a warrant does not require suppression of the evidence that the cycle was stolen. However, I respectfully dissent from that part of the opinion in which the majority concludes that the trial judge did not abuse his discretion in allowing defendant to be impeached with evidence of his

1977 conviction for receiving and concealing stolen property worth less than $100.

In the present case, defendant was convicted of receiving and concealing stolen property worth over $100. Defendant's 1977 misdemeanor conviction was for receiving and concealing stolen property worth less than $100. Given the age of defendant's prior conviction and its similarity to the charged offense, I believe the trial judge should have excluded evidence of the prior conviction under MRE 609(a)(2) because the prejudicial effect of admission of the evidence outweighed its probative value.

In admitting the evidence of defendant's prior conviction, the trial judge stated:

> The jury I think could well use whatever information is available on the issue of credibility because otherwise I don't know how they can adequately assess it.

I concede that defendant's credibility was an important issue in this case. However, given the closeness of the issue of defendant's credibility, the jury was likely to resolve the issue merely because of the similarity of defendant's prior conviction to the charged offense without fully recognizing that defendant's prior conviction was for a misdemeanor that was eight years old. Stated otherwise, because the probative value of evidence of an eight-year-old misdemeanor conviction is limited while the prejudicial effect in this case is immense, the trial judge should have excluded evidence of the prior conviction.

The fact that defendant's credibility was an important issue in the case does not justify the admission of evidence of a prior conviction that

should otherwise have been excluded. Since the defendant took the stand in this case, the jury could have resolved the credibility issue on the basis of defendant's testimony and his demeanor.

I would reverse.