PEOPLE v RICHARD JOHNSON

Docket No. 96735. Submitted December 8, 1987, at Lansing. Decided
    April 5, 1988.

Richard A. Johnson was convicted of unarmed robbery and being
    a third-felony offender, Kent Circuit Court, Stuart Hoffius, J. At
    trial, the court determined that defendant's prior convictions
    for first-degree criminal sexual conduct and assault with intent
    to commit murder could be used for impeachment purposes.
    Defendant appealed. During the pendency of the appeal the
    Supreme Court decided *People v Allen,* 429 Mich 558 (1988),
    which dealt with the use of prior convictions for impeachment
    purposes.

The Court of Appeals *held:*

1. The issue of the use of defendant's prior convictions for
impeachment was preserved for appeal.

2. Evidence of a prior conviction may not be used for im-
peachment unless its probative value is outweighed by the
prejudicial effect. The factors to consider in determining the
probative value of a prior conviction for impeachment purposes
are the degree to which the crime is indicative of veracity and
the remoteness of the conviction in time. The factors to be
considered in determining the prejudicial effect of using the
prior conviction for impeachment are the similarity of the prior
crime to the charged offense and the importance of defendant's
testimony to the decisional process. The court's decision to
allow use of the convictions for impeachment does not require
reversal.

Affirmed.

SHEPHERD, J., dissented. While he agreed with the majority
that the probative value of the prior convictions was low, he

REFERENCES
Am Jur 2d, Witnesses §§ 569-586.
Right to impeach witness in criminal case by inquiry or evidence as
    to witness' criminal activity for which witness was arrested or
    charged, but not convicted—modern state cases. 28 ALR4th 505.
Permissibility of impeaching credibility of witness by showing for-
    mer conviction, as affected by pendency of appeal from conviction
    or motion for new trial. 16 ALR3d 726.

did not agree that their prejudicial effect was also low. He also believed that defendant's testimony was important to the decisional process. He would reverse and remand.

1. Criminal Law — Impeachment — Evidence — Prior Convictions — Appeal — Preserving Question.

The issue of the propriety of a trial court's ruling on the admissibility of evidence of a defendant's prior convictions for impeachment purposes is preserved for review where defendant's attorney (1) establishes on the record that defendant will in fact take the stand and testify if his challenged prior convictions are excluded, and (2) sufficiently outlines the nature of defendant's testimony so that the trial court and the reviewing court can do the necessary balancing required under the court rules (MRE 609).

2. Criminal Law — Impeachment — Evidence — Prior Convictions.

Evidence of a prior conviction may not be used for impeachment unless its probative value is outweighed by the prejudicial effect; the factors to consider in determining the probative value of a prior conviction for impeachment purposes are the degree to which the crime is indicative of veracity and the remoteness of the conviction in time; the factors to be considered in determining the prejudicial effect of using the prior conviction for impeachment are the similarity of the prior crime to the charged offense and the importance of defendant's testimony to the decisional process.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William A. Forsyth,* Prosecuting Attorney, and *Timothy K. McMorrow,* Chief Appellate Attorney, for the people.

*Howard & Quinn, P.C.* (by *Michael B. Quinn*), for defendant on appeal.

Before: Danhof, C.J., and Shepherd and C. L. Bosman,* JJ.

Danhof, C.J. Defendant appeals as of right following his jury conviction of unarmed robbery,

---

* Circuit judge, sitting on the Court of Appeals by assignment.

MCL 750.530; MSA 28.798, and his guilty plea to being a third-felony offender, MCL 769.11; MSA 28.1083. The sole issue on appeal is whether the trial court abused its discretion in ruling that defendant's prior convictions for first-degree criminal sexual conduct and assault with intent to commit murder could be used for impeachment. While this appeal was pending, our Supreme Court released *People v Allen* 429 Mich 558; 420 NW2d 499 (1988). Since portions of *Allen* are to be given limited retroactive effect to pending cases, this case presents one of our first opportunities to apply *Allen,* 429 Mich 608-609.

The charges against defendant arose out of the unarmed robbery of Gregory Duvall, an employee of Wierenga's Marathon gas station in Grand Rapids. Duvall and two other employees, Charles Poisson and Matthew Heyden, were working on the evening of March 11, 1986. Defendant previously worked at the gas station but quit several days prior to the robbery. Gregory Duvall was in charge of taking the day's receipts to the bank for deposit. Duvall put the bank bag inside his coat and zipped his coat closed. Duvall was in his car when defendant approached him and asked for a ride. After going the distance of a few blocks from the station, Duvall pulled over and stopped his car to let defendant out. Defendant said, "I know you have that money." Defendant hit Duvall in the face, knocking his eyeglasses into the back seat of the car. Defendant unzipped Duvall's jacket, reached inside and took the bank deposit bag. Defendant got out of the car and walked away. The incident occurred between 9:00 and 9:10 P.M.

A police report was taken about 9:30 P.M. Officer Clemens went to defendant's last known address at about 10:15 P.M. or 10:30 P.M. Clemens spoke to Patricia Woodford, who identified herself as defen-

dant's girlfriend. Woodford said that defendant did not live there and she had not seen him for three days. Although Woodford was listed as a witness on defendant's notice of alibi, she was called by the people at trial. At trial, Woodford said that she told Clemens she had not seen defendant because she thought Clemens was "trying to be funny." She said that defendant was at her house on the evening of March 11, 1986. Defendant left between 8:35 P.M. and 8:40 P.M. to go to the store. Woodford said that defendant returned about forty-five minutes later and that Officer Clemens had arrived during the time period that defendant was gone.

James Merriweather was also listed as a witness on defendant's notice of alibi. Merriweather was called by defendant. Merriweather said that on March 11, 1986, he was with defendant from 8:50 P.M. until after midnight. At about 9:50 P.M., he and defendant and a third person went to a store where defendant bought cigarettes and pop, which he took to Woodford's apartment. Defendant went inside the apartment for five to ten minutes while Merriweather and the third person waited in the car.

The first issue we will consider is whether defendant's failure to testify waived the issue whether his prior convictions should have been suppressed. The United States Supreme Court has held that a defendant must testify in order to preserve the issue of improper impeachment by evidence of prior convictions. *Luce v United States,* 469 US 38, 41-42; 105 S Ct 460; 83 L Ed 2d 443 (1984). This Court has found that a defendant waived the issue of improper impeachment by his failure to testify when the record is inadequate to show whether defendant would have testified had the prior convictions been suppressed or what defendant's testi-

mony would have been. *People v Finley,* 161 Mich App 1; 410 NW2d 282 (1987), lv gtd 429 Mich 894 (1988). However, this Court has held that the issue is preserved for review if the defendant's attorney (1) establishes on the record that defendant will in fact take the stand and testify if his challenged prior convictions are excluded, and (2) sufficiently outlines the nature of defendant's testimony so that the trial court and the reviewing court can do the necessary balancing required under MRE 609. *People v Casey,* 120 Mich App 690, 696; 327 NW2d 337 (1982); *People v Ferrari,* 131 Mich App 621; 345 NW2d 645 (1983). In *Allen, supra,* our Supreme Court declined to address the applicability of *Luce* in Michigan because it could not achieve a majority position on the merits. Therefore, until our Supreme Court rules otherwise, we will continue to follow *Casey* and *Ferrari.*

In the present case, defendant moved for suppression of two prior convictions. Defendant's attorney said that, if the prior convictions were suppressed, then defendant would testify. In addition, defendant's attorney indicated that defendant's testimony would be that the witnesses were fabricating a case against him. While this outline of defendant's testimony was brief, we believe that it was minimally sufficient to preserve the issue for review.

Next, we will consider whether the trial court abused its discretion in ruling that defendant's two prior convictions for first-degree criminal sexual conduct and assault with intent to commit murder could be used for impeachment. MRE 609 provides:

(a) *General rule.* For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination but only if

(1) the crime was punishable by death or imprisonment in excess of one year under the law under which he was convicted, or the crime involved theft, dishonesty or false statement, regardless of the punishment, and

(2) the court determines that the probative value of admitting this evidence on the issue of credibility outweighs its prejudicial effect and articulates on the record the factors considered in making the determination.

In *Allen, supra,* our Supreme Court amended MRE 609 and explained the effect of the amendment. Under the new rule, some prior convictions must be allowed to be used for impeachment while other prior convictions may never be used for impeachment, 429 Mich 593-594, 596. These "bright-line" rules do not apply to trials begun before March 1, 1988, and thus do not apply to the present case, 429 Mich 609. However, the trial court has discretion to allow theft crimes with no elements of dishonesty or false statement to be used for impeachment, 429 Mich 596. The *Allen* Court clarified the factors the trial court should consider when exercising its discretion. The court directed that, until the new MRE 609 becomes effective, these discretionary factors would apply to the balancing process that takes place under the current MRE 609(a) with regard to theft and nontheft crimes, 429 Mich 609.

As MRE 609(a)(2) directs, prior convictions may be used for impeachment unless their probative value is outweighed by the prejudicial effect. The *Allen* Court provided two factors to be considered in determining the probative value of prior convictions. First, the degree to which the crime is indicative of veracity should be considered. Second, the court should consider whether the prior conviction is remote or recent in time, 429 Mich 605-606.

There are also two factors to be considered in determining the prejudicial effect of using a prior conviction for impeachment. First, the more similar the prior crime is to the charged offense, the greater the degree of prejudice. Second, the more important defendant's testimony is to the decisional process, the greater the degree of prejudice, 429 Mich 606. When applying this last factor to the facts of the cases consolidated in *Allen,* the Court looked at whether defendant's testimony was required to put his version of the events into evidence, 429 Mich 610-612.

In the present case, we find no abuse of discretion in the trial court's ruling that defendant's prior convictions of first-degree criminal sexual conduct and assault with intent to commit murder could be used for impeachment. The probative value of the prior convictions is low because both are assaultive crimes. Assaultive crimes have low probative value with respect to veracity, 429 Mich 611. In addition, both convictions occurred in 1979, while defendant's trial occurred in 1986. Thus, the convictions have low probative value because they were not relatively recent.

Although the probative value of the prior convictions is low, the prejudicial effect is also low. First-degree criminal sexual conduct and assault with intent to commit murder are somewhat similar to the charged offense of unarmed robbery in that all three are assaultive crimes. However, the similarity is not great because the emphasis of first-degree criminal sexual conduct is on the sexual conduct, which is not present in unarmed robbery. Assault with intent to commit murder is somewhat more similar to unarmed robbery, but the emphasis in the former offense is on the intent element while the latter offense requires intent to commit robbery.

The importance of defendant's testimony to the decisional process is low in the present case. Defendant claimed he had an alibi and he presented an alibi witness. Defendant's testimony was not required to put his alibi into evidence. Defendant's attorney said that if defendant testified he would say that the three persons who worked in the gas station were fabricating their testimony against defendant. However, defendant was allowed to present this theory through his attorney's cross-examination of the prosecution witnesses. It was brought out during cross-examination that defendant was promoted to night manager of the gas station even though he worked there for a shorter period of time than Duvall. It was also brought out that defendant had received a pay raise while Duvall did not. Defense counsel used these facts along with inconsistencies in the testimony to argue that the gas station attendants had embezzled the money and then accused defendant of robbery.

Since the prior convictions were only somewhat similar to the charged offense and defendant's testimony was not required to put his version of the events into evidence, the prejudicial effect of allowing use of prior convictions was low. The levels of probativeness and prejudice were relatively close. Therefore, the trial court's decision to allow use of the prior convictions was not error warranting reversal, 429 Mich 611-612.

Defendant's conviction is affirmed.

C. L. Bosman, J., concurred.

Shepherd, J. *(dissenting)*. If *People v Allen,* 429 Mich 558; 420 NW2d 499 (1988), had not been decided I would have voted to affirm the convic-

tion. *Allen,* however, gives this Court guidance as to how this case should be decided given the fact that it comes during a period when *Allen* is not totally operative yet it is clear that if *Allen* applied to the case a reversal would be mandated. As I read *Allen,* we are now required to view this kind of a case with a somewhat different emphasis than under earlier decisions. The primary focus, given the rationale of *Allen,* is on whether the probability is substantially increased that the jury would convict a defendant because he had committed the prior offenses when the evidence in the case before us is not overwhelming against the defendant.

In the present case I agree with the majority's opinion that the probative value of the prior convictions is low. I do not agree that the prejudicial effect is also low. This was an assaultive crime and it is more than likely that a jury would conclude that, if this defendant were willing to commit the serious assault contained in a first-degree criminal sexual conduct conviction and the even more serious assault contained in assault with intent to commit murder, the defendant would certainly be willing to commit a much lesser assault involved in the offense of unarmed robbery. Where a jury is faced with deciding whether the defendant committed the crime or did not and must decide which witnesses to believe, it would be unlikely that a jury would disregard or attach little importance to the fact that this defendant had committed two serious assaultive crimes.

I also believe that defendant's testimony was important to the decisional process. His demeanor and his credibility on the fabrication theory were essential to a proper evaluation of the case.

I would reverse and remand for new trial.