PEOPLE v DINSMORE (ON REMAND)

Docket No. 110074. Submitted July 11, 1988, at Lansing. Decided September 2, 1988.

Donald Gerald Dinsmore was convicted by a jury of receiving and concealing stolen property worth more than $100, Bay Circuit Court, Eugene C. Penzien, J. In an appeal in which one claim of trial court error related to the admission, for impeachment purposes, of evidence of an eight-year-old prior conviction for receiving and concealing stolen property worth less than $100, the Court of Appeals affirmed. 166 Mich App 33 (1988). The Supreme Court, in lieu of granting leave to appeal, remanded the case to the Court of Appeals for reconsideration in light of *People v Allen,* 429 Mich 558 (1988). 430 Mich 894 (1988).

The Court of Appeals, on remand, *held:*

In light of the clarified balancing test enunciated in *Allen,* the prejudicial effect of the prior conviction evidence outweighed its probative value. In all other respects, this Court's prior decision remains the same.

Reversed and remanded for a new trial.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *George B. Mullison,* Prosecuting Attorney, and *Martha G. Mettee,* Assistant Prosecuting Attorney, for the people.

*George C. Bush,* for defendant on appeal.

ON REMAND

Before: KELLY, P.J., and HOOD and SULLIVAN, JJ.

PER CURIAM. By order of remand from our Supreme Court, 430 Mich 894 (1988), this case is before us for reconsideration in light of *People v Allen,* 429 Mich 558; 420 NW2d 499 (1988). Our original opinion appears at 166 Mich App 33; 420 NW2d 167 (1988).

Defendant was convicted of feloniously receiving and concealing stolen property worth over $100, MCL 750.535; MSA 28.803, specifically, a motorcycle. Defendant testified at trial that he had purchased the cycle and did not know it was stolen at the time of the sale. In our earlier opinion we affirmed the trial court's decision to admit for purposes of impeachment evidence of an eight-year-old conviction for receiving and concealing stolen property worth less that $100.

In light of the clarified balancing test enunciated in *Allen, supra,* we find that Judge OPPLIGER was correct in his dissenting opinion in our original opinion that the prejudicial effect outweighed the probative value. We therefore reverse on the impeachment issue alone and remand for a new trial. In all other respects our prior decision remains the same.

Reversed and remanded.